Susan D. BACHRACH, Ann J. Davis, Karen Wood, David B. Hecker, et al., Plaintiffs-Appellants,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, and University of Wisconsin-Madison, Defendants-Respondents.

Court of Appeals

*No. 82–171. Submitted on briefs February 21, 1983.—Decided June 15, 1983.*
(Also reported in 336 N.W.2d 698.)

For the plaintiffs-appellants the cause was submitted on the briefs of *John S. Williamson, Jr.* and *Habush, Habush & Davis, S.C.*, of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *Robert C. Reed* and Labor and Industry Review Commission.

Before Gartzke, P.J., Dykman, J., and W.L. Jackman, Reserve Judge.

DYKMAN, J.    Appellants, former teaching assistants at the University of Wisconsin-Madison, appeal from the decision of the Department of Industry, Labor, and Human Relations denying their claims for unemployment compensation. We affirm.

Appellants raise the following issue: Is a graduate student who is performing independent study that will lead to a master's or doctor of philosophy degree, and who attends no class meetings, but meets with faculty advisers only as the progress of his or her research requires, "regularly attending classes" within the meaning of sec. 108.-02(5)(i)1, Stats.?[1]

Appellants are graduate students who were employed part-time as teaching assistants, project assistants, or research assistants by the university during the spring semester of the 1977–78 school year. Most of the appellants, with two exceptions, were doctoral candidates who had passed their preliminary examinations and were working on their dissertations. They were registered for two credits of independent thesis research or for two-credit graduate seminars, considered a fulltime load for doctoral candidates at the dissertation stage. Appellant Todd Bryan was working on a thesis for a master's degree and was enrolled in a three-credit course as an audit student. Appellant Vicki Carstens was a senior/graduate student and was taking a three-credit graduate independent study course.[2]

---

[1] Section 108.02(5)(i)1, Stats., provides in part:

"Employment" as applied to work for an education institution, . . . does not include service:

1. By a student who is enrolled and is regularly attending classes at such institution . . . .

[2] "Senior/graduate" status means that the student is completing the requirements for a bachelor's degree and is taking graduate courses at the same time.

None of the appellants was required to attend regularly scheduled class meetings. They met with their professors irregularly, whenever they reached a point in their work where they thought a meeting would be advisable. The frequency of meetings varied: Carstens saw her professor about once a week, while others saw their professors only once or twice during the semester, and a few did not meet with their professors at all. Appellant Bryan and the doctoral candidates who were enrolled in seminars also attended scheduled class or seminar meetings when they thought the material to be covered that day would be interesting or helpful to their own thesis work. All of the appellants testified that they made progress toward their degrees during the semester.

Appellants' employment with the university ended in late May, 1978. They filed claims for unemployment compensation benefits. The university contested their claims. The Labor and Industry Review Commission held that appellants were not entitled to receive benefits, because they were students "enrolled and regularly attending classes" at the educational institution that employed them, and thus were not in employment covered by the Unemployment Compensation Act. Sec. 108.02(5)(i)1, Stats.[3] The circuit court affirmed the commission's decision.

Section 108.02(5), Stats., defines the types of employment covered by the Unemployment Compensation Act. Section 108.02(5)(i) provides in part:

"Employment" as applied to work for an educational institution, . . . does not include service:
1. By a student who is enrolled and is regularly attending classes at such institution . . . .

The phrase "regularly attending classes" could mean attending regularly-scheduled class meetings or pursuing

---

[3] See note 1, supra.

whatever course of study is necessary to obtain a particular academic degree. The statute is ambiguous. *Wirth v. Ehly,* 93 Wis. 2d 433, 441, 287 N.W.2d 140, 144 (1980) (statute is ambiguous if could be understood in two different senses by reasonably well-informed persons).

This court is not bound by an administrative agency's construction of a statute. *Milwaukee v. ILHR Department,* 106 Wis. 2d 254, 257, 316 N.W.2d 367, 369 (1982). The construction placed on a statute by the agency that must administer it, however, is entitled to great weight. *Environmental Decade v. ILHR Dept.,* 104 Wis. 2d 640, 644, 312 N.W.2d 749, 751 (1981). In general, the reviewing court should not upset an agency's interpretation of a statute if the interpretation has a rational basis and does not conflict with the statute's legislative history, prior decisions of the court, or constitutional prohibitions. *Dairy Equipment Co. v. ILHR Department,* 95 Wis. 2d 319, 327, 290 N.W.2d 330, 334 (1980).

The commission's construction of sec. 108.02(5)(i)1, Stats., has a rational basis. The note to sec. 10, ch. 133, Laws of 1977, which repealed and recreated sec. 108.02 (5)(f)–(i), states: "Changes the employment exclusions applicable to services for government units to exclude all such employment that can be so excluded under provisions of P.L. 94–566. . . . Clarifies applicability of permitted exclusions based on nature of employing entity for educational institutions and nonprofit organizations."[4]

---

[4] Section 115 of Public Law 94–566 excludes some employees of governmental units from unemployment compensation coverage. The excluded employees are elected officials, state and municipal judges, members of state and municipal legislative bodies, members of the National Guard, emergency employees, employees holding nontenured policy-making and advisory positions, and inmates of custodial and penal institutions. Section 10, ch. 133, Laws of 1977, incorporated these exclusions into the recreated subs. 108.02

The note indicates that the legislature intended Wisconsin's Unemployment Compensation Act to be consistent with federal unemployment compensation law. The supreme court explained why the legislature would want such consistency in *Milwaukee v. ILHR Department,* 106 Wis. 2d at 260, 316 N.W.2d at 370:

If a state's unemployment compensation laws comply with federal standards, then private employers in the state receive a substantial tax credit on their federal unemployment tax payments. However, if the state laws fail to meet federal standards, then private employers in the state lose this tax credit and the state itself faces the loss of federal funds for unemployment compensation purposes. [Footnote omitted.]

Section 108.02(5) (i) 1, Stats., as amended by sec. 10, ch. 133, Laws of 1977, is essentially the same as the federal statutes that except students' employment by educational institutions from covered employment under the Federal Unemployment Tax Act and the Federal Insurance Contributions Act.[5] The phrase "a student who is

---

(5) (f) and (g), Stats. Public Law 94–566 does not refer to student employment. The statement in the note to § 10, ch. 133, Laws of 1977, that the section excludes all employment excludable under Public Law 94–566 thus apparently refers only to the new subs. 108.02(5)(f) and (g), and not the new sub. 108.02(5)(i).

[5] 26 U.S.C. § 3306(c)(10)(B) of the Federal Unemployment Tax Act (FUTA) provides in part:

For purposes of this chapter, the term "employment" means . . . any service, of whatever nature, performed after 1954 by an employee for the person employing him . . . except—

. . . .

(10) (B) service performed in the employ of a school, college, or university, if such service is performed (i) by a student who is enrolled and is regularly attending classes at such school, college, or university . . . .

26 U.S.C. § 3121(b) of the Federal Insurance Contributions Act (FICA) provides in part:

enrolled and regularly attending classes" appears in both the federal and the Wisconsin statutes. Because the legislature patterned Wisconsin's statute after the federal statutes, the commission could reasonably look to rulings by the federal agencies for guidance. *See Wis. Environmental Decade v. Public Service Comm.,* 79 Wis. 2d 161, 174, 255 N.W.2d 917, 925 (1977) (federal cases construing National Environmental Policy Act were persuasive authority for similar construction of Wisconsin statute patterned after NEPA).[6]

The commission applied the following test to determine whether a claimant is disqualified from benefits by sec. 108.02(5)(i)1, Stats:

[T]he proper test involves the relation of the employe with the employer-educational institution. An employe who performs services in the employe [*sic*] of a school, college, or university as an incident to and for the purpose of pursuing a course of study at such school, college, or university has the status of a student in the performance of such services. The attendance at classes in the traditional sense is not necessarily controlling.

---

For purposes of this chapter, the term "employment" means any service, of whatever nature . . . except that such term shall not include—

. . . .
   (10)  service performed in the employ of—
   (A)  a school, college, or university, or
. . . .

if such service is performed by a student who is enrolled and regularly attending classes at such school, college, or university
. . . .

[6] *Wis. Environmental Decade v. Public Service Comm.,* 79 Wis. 2d 161, 255 N.W.2d 917 (1977), looked to federal court cases interpreting NEPA for guidance in interpreting WEPA. We have found no federal cases interpreting 26 U.S.C. §§ 3121(b)(10)(A) or 3306(c)(10)(B) that LIRC could have considered. In the absence of federal court interpretations, it was reasonable for LIRC to look to federal administrative interpretations of the language in question.

This test is the same as that found in 26 C.F.R. sec. 31.3306(c)(10)2(c)(2) and 26 C.F.R. sec. 31.3121(b) (10)2(c). Those sections provide:

> The status of the employee as a student performing the services shall be determined on the basis of the relationship of such employee with the organization for which the services are performed. An employee who performs services in the employ of a school, college, or university as an incident to and for the purpose of pursuing a course of study at such school, college, or university has the status of a student in the performance of such services.

The federal agency charged with administering FUTA and FICA, the Internal Revenue Service, interprets 26 U.S.C. sec. 3121(b)(10)(A) as excluding graduate students in appellants' position from covered employment. In Rev. Rul. 78–17, 1978–1 C.B. 306, the IRS held that the services of a graduate student were excepted from "employment" under 26 U.S.C. sec. 3121(b)(10) because the student was employed parttime while working on a dissertation following completion of required coursework and was enrolled for dissertation credits. The ruling states: "[The student's] pursuance of a regular course of study necessary to receive the desired degree, in accordance with the requirements of the school, satisfies the requirement of regularly attending classes. [The student's] employment on a part-time basis is incident to and for the purpose of pursuing a course of study." 1978–1 C.B. at 307. The issue presented in IRS's application of 26 U.S.C. sec. 3121(b)(10) is the same as that in the present case—*i.e.,* whether the students were "regularly attending classes."

Appellants argue that the commission's construction of sec. 108.02(5)(i), Stats., makes the phrase "regularly attending classes" meaningless. They contend that under the commission's construction, a graduate student who is

"enrolled" is automatically deemed to be "regularly attending classes," and that the requirement that students be regularly attending classes is rendered surplusage.

The commission does not read "regularly attending classes" out of the statute. The regular attendance requirement, as demonstrated by the quoted federal regulations, is not intended to differentiate between students who attend class meetings and those who do not. It is intended to differentiate between a person whose primary relation to the university is as an employee but who also takes courses, and a person whose primary relation to the university is as a student but who also is employed by the university.

Appellants' primary relation to the university was that of students who took jobs offered by the university. Each appellant testified that he or she had made normal progress toward a degree during the semester he or she was employed as a teaching assistant. The dean of the graduate school testified that assistantships are offered only to students as a type of financial aid. The commission reasonably concluded that appellants are "students enrolled and regularly attending classes" within the meaning of sec. 108.02(5)(i)1, Stats., and therefore ineligible to receive unemployment compensation benefits.

*By the Court.*—Judgment affirmed.