580 So.2d 771 (1991)
George W. EAGER, and Calusa Camp Resort, a Florida Corporation, Petitioners,
v.
FLORIDA KEYS AQUEDUCT AUTHORITY, an Agency of the State of Florida, Respondent.
No. 90-2034.
District Court of Appeal of Florida, Third District.
March 26, 1991.
Rehearing Denied July 11, 1991.
Tittle & Tittle, and Gus H. Crowell, for petitioners.
Feldman & Koenig, and Browning, Guller and Associates, and Lynne Hankins-Fielder, for respondent.
Before BASKIN, LEVY and GERSTEN, JJ.
PER CURIAM.
Petitioners, George W. Eager and Calusa Camp Resort (collectively Calusa), appeal from a final administrative agency action by the Florida Keys Aqueduct Authority (the Authority). We reverse.
Calusa owns and operates a recreational vehicle park which has been situated in the same location since 1969. Throughout the years, improvements and changes have been undertaken by Calusa. One of the improvements, dividing a tract of open land into renumbered sites, is the subject of this appeal. At issue is whether that change triggers the assessment of impact development fees.
The Authority is an agency of the State of Florida subject to the Florida Administrative Procedures Act. Chapter 120, Fla. Stat. (1989). The primary function of the Authority is to obtain, supply, and distribute the water supply for the Florida Keys.
Pursuant to section 120.54, Florida Statutes (1989), the Authority has rulemaking powers. As part of their rules, the Authority adopted rule 48-3.002:
The System Development Fee is an impact fee charged to new and existing customers who modify, add or construct facilities which impose a potential demand on the water system.
The Authority also adopted rules which provide the method of assessing the impact fees. Rule 48-3.002 5(b) provides that the assessment will be determined according to *772 the size of the water meter required. Rule 48-3.002 5(b) also provides that when premises consist of single or multiple commercial units, "the system development fee shall be assessed based on each individual unit."
In 1989, six years after the improvements to the campsites, the Authority assessed an impact fee on appellant based on the improvements, on a per "unit" basis. The Authority considered each numbered campsite to be one "unit."
The campsite area upon which the Authority has assessed the impact fee is composed of open spaces, with water, electricity, and sewer hookups. Accordingly it does not readily fall within the Authority's definition of unit:
"UNIT" A unit is a commercial or residential module consisting of one or more rooms with either appurtenant or common bathroom facilities and used for a single commercial purpose or single residential use.
Rule 48-2.001(19).
In its specific provisions for commercial, multiple unit service, the Authority provides that the number of units will be determined according to occupational licenses, building permits, or plans for the structure. Calusa has only one occupational license for the operation of the campground, no building permits or plans, and no structure in the campsite area.
Although the Authority's rules specifically address marinas, there is no rule defining "units" in a campground. The Authority therefore, "interpreted" its definition to include each campsite as a "unit," and assessed an impact fee for each campsite "unit."
An agency's interpretation of its rules will not be overturned unless the interpretation is clearly erroneous. See Department of Insurance v. Southeast Volusia Hospital District, 438 So.2d 815 (Fla. 1983). However, interpretation of agency rules is appropriate only where such rules contain ambiguities, or the language is not plain or the meaning clear. See Kimbrell v. Great American Insurance Company, 420 So.2d 1086 (Fla. 1982). In fact, where the administrative ruling or policy is contrary to the plain and unequivocal language being interpreted, the ruling or policy is clearly erroneous. Southeastern Utilities Service Company v. Redding, 131 So.2d 1 (Fla. 1961).
We find no ambiguity in the Authority's definition of "units." Under the stated definition, no reclassification is justified for Calusa's campsites.
Because we determine that any fee assessed against Calusa must be based on the express, unambiguous term contained in the Authority's rules, we do not address other issues raised on appeal. Accordingly, we reverse.