710 So.2d 683 (1998)
Lenard M. HUGHES, Appellant,
v.
VARIETY CHILDREN'S HOSPITAL, Miami Children's Hospital, and Florida Unemployment Appeals Commission, Appellees.
No. 97-1001.
District Court of Appeal of Florida, Third District.
April 29, 1998.
Lenard M. Hughes, in proper person.
William T. Moore, Tallahassee, for appellee Unemployment Appeals Commission.
Before COPE, GREEN and SHEVIN, JJ.
COPE, Judge.
Lenard M. Hughes appeals an order denying unemployment benefits. We reverse.
The Unemployment Appeals Commission denied unemployment benefits to Dr. Lenard Hughes, a licensed physician with sixteen years experience, on the theory that the claimant was a medical "intern." The unemployment law excludes from coverage "service performed as an intern in the employ of a hospital by an individual who has completed a 4-year course in a medical school chartered or approved pursuant to state law...." § 443.036(19)(n)12, Fla. Stat. (1995).
The claimant is a licensed Florida physician who, after medical school, completed a one-year internship and a five-year residency. At the time of the hearing below, he had sixteen years experience in general surgery.
The claimant accepted employment as a fellow in pediatric surgery at Variety Children's Hospital. His nine-month salary was $38,675.98. He was terminated through no fault of his own and applied for unemployment benefits.
The employer opposed the unemployment claim. It argued that the terms "intern," "resident," and "fellow" are interchangeable, *684 and that the statutory exclusion of benefits for an "intern" therefore precludes benefits for a "resident" or "fellow." The appeals referee disagreed, found that the claimant was not an intern, and awarded benefits.
The Unemployment Appeals Commission overturned the referee's ruling, reasoning that the terms are, in fact, interchangeable, and that the term "intern" includes "residents" and "fellows." This appeal follows.
The Commission erred in its ruling. The Unemployment Compensation Law is to be liberally construed in favor of the provision of compensation to individuals who need it. See § 443.031, Fla. Stat. (1995); Gulf County Sch. Bd. v. Washington, 567 So.2d 420, 422 (Fla.1990). It follows that exclusions from coverage should be narrowly construed. See Underhill v. Publix Super Markets, Inc., 610 So.2d 48, 50 (Fla. 3d DCA 1992).
In a medical context, the term "intern" has a commonly understood meaning which the Commission ignored. It is best evaluated in comparison with another commonly understood term, "resident." According to one dictionary:
Intern. A person, usually one recently graduated from a medical school, residing and working in a hospital, for the purpose of learning medical and surgical procedures prior to entering medical practice....
....
Resident physician. A physician living in the hospital and continuing his training after a period of internship. Also called simply resident.
2 Schmidt's Attorney's Dictionary of Medicine I-82 (1993); 3 id. R-73 (emphasis added).[1]
According to another set of definitions, presented to the referee below:
Intern: Historically "intern" was used to designate individuals in the first post-MD year of hospital training; less commonly it designated individuals in the first year of any residency program. Since 1975 the Graduate Medical Education Directory and the ACGME [Accreditation Council for Graduate Medical Education] have not used the term, instead referring to individuals in their first year of training as residents.
Resident: An individual at any level of graduate medical education in a program accredited by the ACGME. Trainees in subspecialty are specifically included.
Fellow: A term used by some hospitals and in some specialties to designate trainees in subspecialty GME [Graduate Medical Education] programs. The Graduate Medical Education Directory and the ACGME use "resident" to designate all GME trainees in ACGME-accredited programs.
R. 131; see also Accreditation Council for Graduate Medical Education, A Glossary of Selected Terms Used in Graduate Medical Education Accreditation (visited Apr. 16, 1998) .
The Board of Medicine definitions state:
64B8-6.002 Intern; Definition of. An intern is a physician with a medical degree or its equivalent who is continuing his training. This training ordinarily follows immediately upon the completion of the four year medical curriculum. The term "intern" also means a first year resident or post graduate year one graduate.
64B8-6.003 Intern; Duties of. An internship consists of the supervised care of patients in a hospital and in its out-patient department, with continued instruction in the science and art of medicine by the hospital staff. The physician-student is given the opportunity to put into practice the principles of preventive medicine, diagnosis, therapy, and patient management which he learned as a medical student. He is able to observe patients on an "around the clock" basis and can follow patients from admission to discharge and subsequently in the out-patient department. Under the supervision of the attending staff, he is given progressively increasing responsibility to the end that he acquires confidence in his own clinical *685 judgment. For the training to be approved the internship must be approved by the Council on Medical Education and Hospitals of the American Medical Association.
64B8-6.004 Resident Physician and Assistant Resident Physician; Definition of. A resident physician is one who has completed an internship and is engaged in a program of training designed to increase his knowledge of the clinical disciplines of medicine, surgery, or any of the other special fields which provide advanced training in preparation for the practice of a specialty. In the first year following the internship, the person is usually referred to as an assistant resident physician. In the second year, he is usually referred to as a resident physician.
64B8-6.005 Resident Physician and Assistant Resident Physician; Duties of. An assistant resident or resident physician participates in an organized graduate educational program in which he has daily contact with patients and assumes increasing responsibility for their care under the supervision of the attending staff of the hospital. The assumption of responsibility is a most important aspect of residency training. As each assistant resident or resident physician demonstrates increasing knowledge and ability, an increasing amount of reliance should be placed in his judgment in the diagnosis and in treatment of patients. He may also participate in the teaching of interns and medical students to an increasing extent. In surgery and surgical specialties, the assistant resident and resident physician should be given ample opportunity to perform major surgical procedures under direct supervision of qualified members of the professional staff of the hospital, particularly in the later stages of his training, in order that he may acquire surgical skill and judgment.
64B8-6.0015 Fellows; Definition of. The term "fellow," as used in Section 458.345, Florida Statutes, and this rule chapter, encompasses only persons in fellowship training which leads to subspecialty board certification by a specialty board of the American Board of Medical Specialties.
The definitions show that in its most commonly understood meaning, "intern" refers to the first year of post-medical school hospital training. The term "intern" has been in the Florida Unemployment Law for more than fifty years, see § 443.03(5)(b)13, Fla. Stat. (1941), and the Accreditation Council of Graduate Medical Education definition makes clear that this was the historic usage.
The appeals referee said:
Consideration was given to the employer's contention that the terms intern, resident, and fellow, are used interchangeabl[y] for purposes of defining an intern for unemployment purposes. The employer's contention, however, is illogical considering that an intern is usually considered a medical school graduate in his first year after having completed a four year medical school program, and is not likely to include a fully licensed physician with 16 years experience.... The employer's contention is rejected as illogical, unpersuasive, and not supported by the preponderance of the competent substantial evidence presented.
R. 136.
The referee was correct. Had the Legislature intended to place "residents" or "fellows" within the exclusion, it would have said so.
In its reversal, the Unemployment Appeals Commission stated that the claimant had conceded that all three terms are interchangeable. That is not a fair reading of the claimant's position. It is true that, at the hearing, the claimant was shown the Accreditation Council for Graduate Medical Education's definitions. On being asked whether there was much distinction among those dictionary definitions, the claimant responded that "they seem to be fairly similar. An intern, equivalent pretty much to a resident." R. 69. "And the resident, equivalent to a fellow." Id. A fair reading of the claimant's testimony is that all three terms are similar in the sense that they describe doctors in training positions at a hospital. The claimant's testimony did not amount to a concession that a "resident" or "fellow" is the same *686 thing as an "intern" in the sophistication of duties performed[2] or for purposes of the statutory exclusion. The referee heard the testimony and did not interpret the claimant's statements as constituting any kind of concession.
The Commission argues that we must defer to its administrative construction of the statute. See Public Empls. Rels. Comm'n v. Dade County Police Benevolent Ass'n, 467 So.2d 987, 989 (Fla.1985). However, the agency is not allowed to render an interpretation which is contrary to the express terms of the statute. See Eager v. Florida Keys Aqueduct Auth., 580 So.2d 771, 772 (Fla. 3d DCA 1991); see also Werner v. Department of Ins., 689 So.2d 1211, 1214 (Fla. 1st DCA), review denied, 698 So.2d 849 (Fla.1997). Here, the term "intern" has a generally understood meaning. Assuming arguendo that there is some room for interpretation, this is an exclusion from unemployment coverage which must be construed narrowly. See Underhill, 610 So.2d at 50. The Commission's ruling is clearly erroneous. See Department of Ins. v. Southeast Volusia Hosp. Dist., 438 So.2d 815, 820 (Fla.1983).
The Commission's ruling is reversed, and the cause is remanded with directions to reinstate the ruling of the appeals referee.[3]
NOTES
[1] Schmidt's does not define "fellow."
[2] See Fla. Admin. Code R. 64B8-6.003, 6.005, 6.0015 (1996).
[3] Although it is unnecessary for us to reach the point, the referee alternatively ruled for the claimant because the hospital's pediatric surgery fellowship was not accredited. "Furthermore, in order to consider the educational experience gained by the claimant in pediatric surgery, as falling within the auspices of internship, the claimant should at least be receiving accredited experience that could be applied towards further licensure or board certification." R. 136. The referee's position on this point is in harmony with the Board of Medicine, which takes the position that "[t]he term `fellow' as used in Section 458.345, Florida Statutes, and this rule chapter, encompasses only persons in fellowship training which leads to subspecialty board certification by a specialty board of the American Board of Medical Specialties." Fla. Admin. Code R. 64B8-6.0015 (1996). The referee reasoned, in other words, that regardless of how the term "intern" is interpreted, the employing hospital can take advantage of the "intern" exclusion from the unemployment law only if the hospital's fellowship program was accredited. Here the program was not accredited and thus could not lead to subspecialty board certification. Stated differently, in a nonaccredited program an "intern" or "fellow" is in truth simply an ordinary employee.