COPE, J.
In these two consolidated appeals, the Miami-Dade County Court has certified questions of great public importance. See Fla. R.App. P. 9.160. We conclude that Diagnostic Services of South Florida (“Diagnostic”) was not a “clinic” under section 456.0375, Florida Statutes (2001), and was not required to register under that statute.
I.
Diagnostic is a company which owns portable diagnostic testing equipment. At the request of a health care provider, Diagnostic takes its equipment to the health care provider’s office to perform diagnostic tests on the patient. Examples of such tests are comparative muscle testing, grip and pinch tests, and range of motion testing.
After completion of the testing, Diagnostic returns to its office and enters the test data into a computer program. Diagnostic prepares a report, which is reviewed by a chiropractor and then is provided to the ordering physician. Diagnostic has an office but performs no patient examinations there.
In the two cases now before us, the insureds were injured in automobile accidents. At the request of the respective treating physicians,. Diagnostic performed diagnostic tests. In the case of Ondina Comesana, the tests were ordered by Dr. *3 Fernando Palma, and consisted of a series of comparative muscle tests and range of motion tests. In the case of Federico Pena, the tests were ordered by Dr. Joaquin Vega, and consisted of a series of handgrip and pinch tests as well as comparative muscle tests and range of motion tests.
Both insureds had coverage for personal injury protection (“PIP”) in their State Farm policies. In each case, the insured assigned to Diagnostic the right to reimbursement.
In each case, State Farm refused to pay the claim. State Farm took the position that Diagnostic was a “clinic” as defined in section 456.0375, Florida Statutes (2001). This statute came into existence October 1, 2001. See ch.2001-271, § 3, Laws of Fla.; 2001-277, § 103, Laws of Fla. The statute requires registration with the Department of Health of every clinic which meets the statutory definition. § 456.0375(2)(a), Fla. Stat. (2001).
The present litigation arose because the statute states: “All charges or reimbursement claims made by or on behalf of a clinic that is required to be registered under this section, but that is not so registered, are unlawful charges and therefore are noncompensable and unenforceable.” Id. § 456.0375(4)(a). Since Diagnostic rendered the services at a time when Diagnostic was not registered, State Farm refused to pay.[1]
Diagnostic brought suit in Miami-Dade County Court. In Diagnostic Services of South Florida as assignee of Frederica Pena v. State Farm Mutual Automobile Ins. Co., this court’s number 3D02-3122, County Court Judge Shelley Kravitz granted summary judgment for State Farm, ruling that Diagnostic fell within the statutory definition of “clinic.” The county court certified the following questions of great public importance:
(1) Is a mobile diagnostic health care facility such as Diagnostic Services of South Florida required to be registered with the Department of Health pursuant to Section 456.0375, Florida Statutes, and, [2] if “yes,” is an automobile insurance carrier relieved of its obligation to pay for such services if such services were rendered when the mobile diagnostic facility was not so registered?
Diagnostic has appealed.
In State Farm Mutual Automobile Ins. Co. v. Diagnostic Services of South Florida as assignee of Ondina Comesana, this court’s number 3D02-3129, County Court Judge Caryn Schwartz ruled that Diagnostic was not a “clinic” for purposes of the statutory definition. The county court certified the following questions of great public importance:
(1) Is a mobile diagnostic health care facility which only conducts diagnostic testing, at clinics registered with the Florida Department of Health and at the request and direction of the on staff treating physicians of those facilities required to be registered with the Department of Health pursuant to Section 456.0375, Florida Statutes, and,
(2) If the answer to No. (1) above, is “yes,” is an automobile insurance carrier relieved of its obligation to pay for such services if such services were rendered when the mobile diagnostic facility was not so registered?
State Farm has appealed.
II.
The definition of “clinic” under the statute is:
*4 (l)(a) As used in this section, the term “clinic” means a business operating in a single structure or facility, or in a group of adjacent structures or facilities operating under the same business name or management, at which health care services are provided to individuals and which tender charges for reimbursement for such services.
§ 456.0375(l)(a), Fla. Stat. (2001) (emphasis added).
So far as pertinent here, to be a “clinic” the business must operate in a single structure or single facility[2] at which health care services are provided. Diagnostic does not satisfy this definition.
Diagnostic does not operate in a single structure or single facility. Diagnostic takes its portable equipment to various doctors’ offices. Since it performs medical testing in multiple doctors’ offices,' Diagnostic is working in multiple locations owned by others. Diagnostic is not testing patients in its own structure or facility.[3]
State ■ Farm argues that Diagnostic is operating a “clinic” for purposes of this statute because the business owner, Ms. Carril, prepares the written diagnostic reports at her office. But that does not make her office a “clinic” under the statutory definition. The question is where the health care services — -the diagnostic tests — are performed on the patients. Those tests are performed at the doctors’ offices, not in Ms. Carril’s office.
There is another statutory alternative, but it is equally inapplicable here. Under the statute, a “clinic” can be a business “operating ... in a group of adjacent structures or facilities operating under the same business name or management, at which health care services are provided to individuals.... ” Diagnostic does not fall within that alternative definition. It does not operate in a group of adjacent structures or facilities operating under the same business name.- Instead, as stated, Diagnostic takes its equipment to various doctors’ offices.
State Farm points out that the Department of Health has interpreted the statute to require registration by entities such as Diagnostic. See ROM Diagnostics v. Allstate Indemnity Co., 10 Fla. L. Weekly Supp. 1001(b) (Fla. 9th Jud. Cir. Oct. 3, 2003). That makes no difference here, because the statutory language is clear on its face. “[A] court need not defer to an agency’s construction. if the language of the statute is clear and therefore not subject to construction.” Doyle v. Department of Business Regulation, 794 So.2d 686, 690 (Fla. 1st DCA 2001). “[W]here the administrative ruling or policy is contrary to the plain and unequivocal language being interpreted, the ruling or policy is clearly erroneous.” Eager v. Florida Keys Aqueduct Authority, 580 So.2d 771, 772 (Fla. 3d DCA 1991).
State Farm argues that it would a good idea as a matter of policy to require companies like Diagnostic to register. That policy determination is for the Legislature* not for us. The Legislature’s statutory language is clear and does not cover Diagnostic.
For the stated reasons, we conclude that Diagnostic did not satisfy the definition of “clinic” under section 456.0375, Florida *5 Statutes, and was not required to register. It follows that State Farm was in error in refusing payment in the two cases now before us. We affirm the summary judgment in the Comesana case, reverse the summary judgment in the Pena case, and remand both cases for further proceedings consistent herewith.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.[4]

. Once this issue arose, Diagnostic registered.

. Read in context, the word "single” modifies the phrase "structure or facility.”

. The statute does not contain a definition of "facility.” A dictionary definition is "something (as a hospital, machinery, plumbing) that is built, constructed, installed or established to perform some particular function or to serve or facilitate some particular end.” Webster’s Third New International Dictionary 812-13 (1986).

. Effective March 1, 2004, the legislature has repealed section 456.0375, Florida Statutes. See ch.2003-411, § 15, Laws of Fla. New statutory provisions have been put in place. See id. § 4; ch. 400, part XIII, Fla. Stat. (2003). No issue regarding the interpretation of the 2003 enactments is now before us.