FERNANDEZ, J.
Mark Reese, a former assistant football coach at the University of Miami, appeals from the decision of the Florida Unemployment Appeals Commission[1] denying his claim for unemployment compensation. We reverse because the commission’s decision is inconsistent with the legislative intent underlying section 443.1216, Florida Statutes (2012).
Reese worked as an assistant coach for the university from 2009 through 2010. While employed, he also studied part-time until the fall semester of 2010. Reese testified that while working for the university, he also was pursuing a master’s degree in history at the same university on a part-time basis. He received no discount or waiver of tuition as a result of his employment.
The Agency for Workforce Innovation[2] initially determined that Reese was ineligible for unemployment insurance coverage. An appeals hearing was held before the appeals referee to determine whether Reese’s employment was insured pursuant to the unemployment compensation statute, section 448.1216(13)(i)2, Florida Statutes (2012). The statute provides in relevant part: “[s]ervice performed in the employ of a school, college, or university [is not eligible for coverage] if the service is performed by a student who is enrolled and is regularly attending classes at the school, college, or university.” Id.
The appeals referee affirmed the agency’s determination, concluding: “[i]n the instant case, there was no relationship between the employment of the claimant and the claimant’s academic pursuits at the employer’s university. The law, however, requires no such relationship.... While the statute seems to contradict the purpose behind similar statutes, its requirements are clear.” The Unemployment Appeals Commission affirmed the referee’s decision, finding the referee’s conclusion to be a reasonable application of the pertinent laws to the facts of the case. Member Thomas D. Epsky specially concurred, stating in relevant part:
The intent of the Legislature in creating this exemption was presumably to specifically exclude students in a work study program or graduate students instructing certain courses and receiving wages ... tuition reimbursement, discounts, or academic credits received for said services ... A professor who is required to obtain continuing education to maintain instructional certification; an administrative assistant desiring to enhance their Microsoft Office Skills; or *197 any school employee wishing to learn basket weaving, if taking courses at their respective schools would similarly be held ineligible for receipt of Unemployment Compensation benefits if they separate their employment through no fault of their own.
We disagree with this conclusion.
The standard of review of an agency decision based upon an issue of law is whether the agency erroneously interpreted a provision of the law and, if so, whether a correct interpretation compels a particular action. Metro. Dade Cnty. v. Dep’t of Envtl. Prot., 714 So.2d 512, 515 (Fla. 3d DCA 1998) (citing § 120.68(7)(d), Fla. Stat. (1997)); Fla. Hosp. v. Agency for Health Care Admin., 823 So.2d 844, 847 (Fla. 1st DCA 2002). While, generally, courts are required to be highly deferential to an agency’s interpretation of a statute, they need not defer to an agency’s construction if special agency expertise is not required. See Doyle v. Dep’t of Bus. Regulation, 794 So.2d 686, 690 (Fla. 1st DCA 2001). “When an agency urges a [statutory] construction based on common, ordinary meanings, this mitigates, if it does not entirely eliminate, the rule calling upon the court to accord ‘great deference’ to the agency’s interpretation of the statute.” Schoettle v. State, Dept. of Admin., Div. of Ret., 513 So.2d 1299, 1301 (Fla. 1st DCA 1987).
Section 443.1216, Florida Statutes (2012), provides the definition of the statutory term “employment,” and lists the type of employment relationships that makes an employer exempt from the payment of employment taxes and contributions for reemployment assistance. Under section 443.1216(13)(q), the employment of students by a nonprofit or public educational institution is exempt from unemployment coverage, where the student is enrolled in a full-time program, and the service is an integral part of the educational program. For the student’s services to be exempt from unemployment coverage, section 443.1216(13) (i)2 states only that the student must be “enrolled and regularly attending classes” while employed by a for-profit educational institution. The provision makes no express requirements as to the student’s status or the relationship of the student’s employment to his or her educational pursuits. The “enrolled and regularly attending classes” language in these provisions is almost identical to the language in the Federal Unemployment Tax Act. See 26 U.S.C.A. § 3306(c)(10)(B), (C) (2012).
A statute enacted in the public interest should be given a liberal construction in favor of the public unless there is neither reason nor policy expressed in the language of the statute to support an expansive reading of it. Stivers v. Ford Motor Credit Co., 777 So.2d 1023, 1026 (Fla. 4th DCA 2000). Here, the enactment of the Rule of Liberal Construction, section 443.031, Florida Statutes (2011),[3] sup *198 ports an expansive reading of section 443.1216. A liberal construction of a statute enacted in the public interest means that “a reasonable construction should be applied giving full measure to every effort to effectuate the legislative intent.” City of Miami Beach v. Berns, 245 So.2d 38, 40 (Fla.1971). See also Davidson v. AAA Cooper Transp., 852 So.2d 398, 401 (Fla. 3d DCA 2003) (holding that the unemployment statute is to be liberally construed in favor of the claimant, while its disqualification provisions are to be narrowly construed); [4] Hughes v. Variety Children’s Hosp., 710 So.2d 683 (Fla. 3d DCA 1998) (applying a broad construction to hold that a physician with 16 years experience working as a “fellow” in a hospital was not excluded from coverage under the unemployment compensation provision that excluded services performed by an “intern”).
Furthermore, section 443.031, Florida Statutes (2011), declares the legislature’s intent to cooperate with agencies of other states and of the federal government, to meet the requirements of Title III, the Federal Unemployment Tax Act (“FUTA”), and the Wagner-Peyser Act, and to “secure for this state and its citizens the grants and privileges available under such acts.” section 443.031, Fla. Stat. (2011). Thus, one of the purposes of the Unemployment Compensation Law is to cooperate with the federal government in the administration of controlling federal legislation so that the state, as well as private employers and their employees, can receive the benefits of this legislation. See State ex rel. Hathaway v. Williams, 149 Fla. 48, 5 So.2d 269, 270 (1941).
The Internal Revenue Service, the agency in charge of administering FUTA, has defined the statutory term “student,” and established a test to determine whether a claimant is disqualified from receiving benefits: “[wjhether an employee has the status of a student within the meaning of section 3306(e)(10)(B) performing the services shall be determined based on the relationship of the employee with the organization for which the services are performed.” 26 C.F.R. § 31.3306(c)(10)-2(d). In order to be considered a “student” under the Act:
[a]n employee’s services must be incident to and for the purpose of pursuing a course of study in order for the employee to have the status of a student. ... The educational aspect of the relationship between the employer and the employee, as compared to the service aspect of the relationship, must be predominant in order for the employee’s service to be incident to and for the purpose of pursuing a course of study.
See 26 C.F.R. § 31.3306(e)(10)-2(d)(3). This test is the same as the test found in section 31.3121(b)(10)-2 of the Internal Revenue Service’s regulations of the Federal Insurance Contribution Act.[5]
*199 States have included similar language to FUTA and to Florida’s unemployment statute in their unemployment statutes. Courts in those states have consistently read the phrase “student enrolled and regularly attending classes” to require a relationship between the employment and the academic pursuit of the student in order to disqualify them from receiving benefits. See, e.g., Univ. of Hawaii v. Befitel, 105 Hawaii 485, 100 P.3d 55 (Haw.2004); Pima Cmty. Coll. v. Arizona Dep’t of Econ. Sec., 148 Ariz. 302, 714 P.2d 472 (Ariz.Ct.App.1986); Bachrach v. Dep’t of Indus., Labor & Human Relations, 114 Wis.2d 131, 336 N.W.2d 698 (Wis.Ct.App.1983).
In Bachrach, the court concluded that the requirement to attend class meetings is incident in the definition of “student.” See Bachrach, 114 Wis.2d at 138-39, 336 N.W.2d at 702. Therefore, the term “regularly attending classes,” must impose a relationship between the student’s employment and his academic pursuit, if it is to have any meaning at all:
The commission does not read “regularly attending classes” out of the statute. The regular attendance requirement, as demonstrated by the quoted federal regulations, is not intended to differentiate between students who attend class meetings and those who do not. It is intended to differentiate between a person whose primary relation to the university is as an employee but who also takes courses, and a person whose primary relation to the university is as a student but who also is employed by the university.

Id.

The Commission itself determined that there is no relationship between Reese’s status as a student and his employment. Section 443.1216(13)(i)2 must be given a liberal construction in favor of the public, and, in accordance with the Florida Supreme Court’s holding in Bems, such a construction shall be reasonable and give full effect to legislative intent. See Miami Beach v. Berns, 245 So.2d 38, 40 (Fla.1971). Disqualifying employees who are also students from unemployment benefits where their academic pursuit is wholly unrelated and subordinate to their employment is neither reasonable nor in line with the legislative intent to “promote employment security.” Also, section 443.031, Florida Statutes (2011), expressly directs the courts to construe the Unemployment Compensation Law in conformity with the laws of other states and the federal government. Therefore, this Court must reverse the Commission’s decision, and espouse an interpretation that is consistent with the federal analysis and other states’ analysis of similar statutory language. Cf. Winn-Dixie Stores, Inc. v. Reddick, 954 So.2d 723, 728-29 (Fla. 1st DCA 2007) (reversing the trial court’s award of a contingency fee multiplier, where federal law specifically prohibited the award and the state statute expressly stated that its attorney fee provision was to be construed in conformity with federal case law).
Accordingly, we adopt an expansive reading of “student who is enrolled and regularly attending classes,” and hold that section 443.1216(13)(i)2, Florida Statutes (2012), shall only exempt students from unemployment coverage services where the student’s educational pursuit is related to his employment and the educational aspect of the relationship with a school or university predominates over the employment aspect. We therefore reverse the decision of the Unemployment Appeals Commission that affirmed the denial of Reese’s unemployment compensation, and *200 remand the cause for entry of an order consistent with this opinion.
Reversed and remanded.

. The Florida Unemployment Appeals Commission has been renamed and, effective July 1, 2012, is now known as the Florida Reemployment Assistance Appeals Commission. See Ch.2012-30, § 2, Laws of Fla.

. Effective July 1, 2011, this agency became known as the Department of Economic Opportunity. See § 443.012, Fla. Stat. (2011).

. Section 443.031, Florida Statutes (2011), states:
This chapter shall be liberally construed to accomplish its purpose to promote employment security by increasing opportunities for reemployment and to provide, through the accumulation of reserves, for the payment of compensation to individuals with respect to their unemployment. The Legislature hereby declares its intention to provide for carrying out the purposes of this chapter in cooperation with the appropriate agencies of other states and of the Federal Government as part of a nationwide employment security program, and particularly to provide for meeting the requirements of Title III, the requirements of the Federal Unemployment Tax Act, and the Wagner-Peyser Act of June 6, 1933, entitled 'An Act to provide for the establishment of a national employment system and for cooperation with the states in the promotion of such *198 system, and for other purposes,’ each as amended, in order to secure for this state and its citizens the grants and privileges available under such acts. All doubts as to the proper construction of any provision of this chapter shall be resolved in favor of conformity with such requirements.

. In 2011, the Florida Legislature amended the language of section 443.031, Florida Statutes (2003). The pre-amendment statute stated:
This chapter shall be liberally construed in favor of a claimant of unemployment benefits who is unemployed through no fault of his or her own. Any doubt as to the proper construction of this chapter shall be resolved in favor of conformity with federal law, including, but not limited to, the Federal Unemployment Tax Act, the Social Security Act, the Wagner-Peyser Act, and the Workforce Investment Act.
See supra note 1.

. The validity of this interpretation of the provision by the Internal Revenue Service has been upheld by the United States Supreme Court in Mayo Found, for Med. Educ. & Re *199 search v. United States, — U.S. -, 131 S.Ct. 704, 178 L.Ed.2d 588 (2011).