PER CURIAM.
In this workers’ compensation appeal, the claimant challenges the denial of his request for a new orthopedic physician under the one-time change statute, section 440.18(2)©, Florida Statutes (2014). We affirm.
The facts are undisputed. The employer/carrier (E/C) authorized Dr. Munson with Jewett Orthopedic Clinic to treat the claimant’s compensable injury. When Dr. Munson retired in 2015, the E/C authorized Dr. Weber with Orlando Orthopaed-ics. On June 2, 2016, the claimant filed a petition for benefits (PFB) seeking a new orthopedic physician pursuant to section 440.13(2)©. After the E/C timely authorized Dr. Meinhardt, the claimant filed a second PFB seeking authorization of Dr, Murrah as his one-time change physician because Dr. Meinhardt was affiliated with the same practice group as his original orthopedic physician, Dr. Munson. The E/C responded that it had properly authorized Dr. Meinhardt as the claimant’s one-time change.
The E/C filed a motion for summary final order, and after a hearing, the Judge of Compensation Claims (JCC) granted the motion and denied the claimant’s second PFB. The JCC rejected the claimant’s argument that section 440.13(2)© “should be read to say the E/C must authorize a physician who is not professionally affiliated with ANY prior physician, hospital, or medical group who treated the claimant at any time in his case” (emphasis in JCC’s order). Instead, the JCC reasoned that the statute prohibited professional affiliation with only the immediately preceding authorized doctor, which in this case was Dr. Weber — who was undisputedly not professionally affiliated with Dr. Meinhardt. This appeal followed.
Section 440.13(2)© authorizes the claimant to request a change of physician once during the course of treatment of the com-pensable injury. Upon receiving such a request, the E/C has five days to authorize an alternative physician “who shall not be professionally affiliated with the previous physician” (emphasis added).
Here, it is undisputed that Dr. Mein-hardt was not professionally affiliated with Dr. Weber, but he was professionally affiliated with Dr. Munson through Jewett Orthopedic Clinic. Thus, resolution of this case boils down to which, physician — Dr. Weber or Dr. Munson — is “the previous physician" for purposes of section 440.13(2)©.
We agree with the JCC that Dr. Weber is “the previous physician” for purposes of the one-time change statute. That phrase clearly and unambiguously refers to a singular physician by using the definite-arti *1255 cle “the” and the singular noun “physician.” See Golf Scoring Sys. Unlimited, Inc. v. Remedio, 877 So.2d 827, 829 (Fla. 4th DCA 2004) (“ ‘The’ is a definite article ‘used as a function word with a noun modified by an adjective or by an attributive noun to limit the application of the modified noun to that specified by the adjective or the attributive noun <[the] right answer >.’ Webster's New Collegiate Dictionary 1199 (1980 ed.). As such, ‘the’ limits that to which it refers to only one, to the exclusion of all others.”); Orange Cty. MIS Dep’t v. Hak, 710 So.2d 998, 999 (Fla. 1st DCA 1998) (holding statute’s use of definite article indicates there can be only one major contributing cause). Accordingly, when coupled with the adjective “previous,” the statute clearly and unambiguously refers to the single immediate prior authorized treating physician, which in this case was Dr. Weber.
We find additional support for this conclusion in Retailfirst Insurance Co. v. Davis, 207 So.3d 1035, 1037 (Fla. 1st DCA 2017), where we interpreted a different sentence of section 440,13(2)(f) “to reflect a legislative intent of allowing only a one-for-one exchange of physicians within the same specialty.” Viewing the statute as a whole, it makes sense that “the previous physician” is only the one being replaced by the new one-time-change physician in the one-for-one exchange described in Davis.
Finally, we have not overlooked the claimant’s argument that, pursuant to section 1.01(1), Florida Statutes, “[t]he singular includes the plural and vice versa.” However, under the plain language of that statute, this interpretive tool only applies “when context will permit,” and here, the context of the phrase “the previous physician” within the language of section 440.13(2)(f) as a whole does not permit the interpretation urged by the claimant. Indeed, the claimant’s interpretation would effectively rewrite the statute to say “a previous physician” or “the previous physicians,” thereby substantively reducing the pool of physicians that could qualify as a one-time change physician. We lack the authority to rewrite the statute in this — or any other — manner. See, e.g., Thrivent Fin. for Lutherans v. State, Dep’t of Fin. Servs., 145 So.3d 178, 182 (Fla. 1st DCA 2014) (“[T]his Court may not rewrite statutes contrary to their plain language.”) (quoting Hawkins v. Ford Motor Co., 748 So.2d 993, 1000 (Fla. 1999)).
Accordingly, for the reasons stated above, the JCC’s order is AFFIRMED.
WETHERELL, RAY, and MAKAR, JJ„ CONCUR.