997 So.2d 511 (2008)
Ronald PEREZ, Sr., Appellant/Cross-Appellee,
v.
ROOMS TO GO and Broadspire Services, Inc., Appellees/Cross-Appellants.
No. 1D08-2234.
District Court of Appeal of Florida, First District.
December 24, 2008.
Todd N. Parrish and Carl A. Feddeler of Smith, Feddeler, Smith & Miles, P.A., Lakeland, for Appellant/Cross-Appellee.
Tiffany Stanton and H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., Bradenton, for Appellees/Cross-Appellants.
PER CURIAM.
In this workers' compensation proceeding, Ronald Perez, Sr., claimant and appellant, appeals the order of the Judge of Compensation Claims (JCC) denying his request for certain medical treatment. On cross-appeal, the Employer/Carrier, appellees and cross-appellants, assert that the JCC erred in granting claimant's request for a change in physician. We affirm the issue on appeal without further comment. Because section 440.13(2)(f), Florida Statutes (2004), limits a claimant to "one change of physician during the course of treatment for any one accident," we reverse the issue on cross-appeal.
*512 In an order dated January 17, 2007, the JCC denied claimant's request for a change in primary care physician, finding claimant had previously requested and received such a change. In a subsequent merits hearing, claimant sought a change in his orthopedic physician. The JCC noted his previous finding regarding claimant's entitlement to a change in primary care physician, but found claimant had not yet requested a change in orthopedic physician. Consequently, he granted claimant's request. This was error.
Section 440.13(2)(f) provides, in relevant part:
Upon the written request of the employee, the carrier shall give the employee the opportunity for one change of physician during the course of treatment for any one accident.
In construing a statute, this court looks to its plain language. See Fla. Dep't of Educ. v. Cooper, 858 So.2d 394, 396 (Fla. 1st DCA 2003). Section 440.13(2)(f) is unambiguous. It clearly states that claimants are only entitled to one change of physician while being treated for any one accident. Thus, the statute does not entitle a claimant to a one-time change per specialty. Here, the JCC found claimant had already availed himself of his right to a change in physician when he obtained a change in his primary care doctor. As a result, the JCC erred by granting claimant's request for a change of orthopedic physician.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
KAHN, WEBSTER, and VAN NORTWICK, JJ., concur.