PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) in which he ruled that the “5 days” in section 440.13(2)(f), Florida Statutes (2011), means business days rather than calendar days. We reverse this ruling because the plain meaning of the statute reveals the Legislature’s intent to limit to five consecutive days, or calendar days, the time period within which a “carrier shall authorize an alternative physician who shall not be professionally affiliated with the previous physician” in response to an injured employee’s written request for a change of physician. See Germ v. St. Luke’s Hosp. Ass’n, 998 So.2d 576, 578 (Fla. 1st DCA 2008) (“If the statute’s plain language is clear and unambiguous, courts should rely on the words used in the statute without involving rules of construction or speculating as to the legislature’s intent. Courts should give statutory language its plain and ordinary meaning, and may not add words that were not included by the legislature.” (citations omitted)). Seen another way, because the Legislature specified “business days” elsewhere in section 440.13, canons of statutory interpretation (particularly the presumption of consistent usage) dictate that the Legislature’s use of the unmodified term “days” here refers to consecutive or calendar days. Although the Legislature used the terms “calendar days” and “consecutive days” in other sections of chapter 440, the wording of those statutes, unrelated to the topic of this statute (permitting injured employees to request “one change of physician during the course of treatment for any one accident” regardless of medical necessity for such), does not affect the analysis of the statute in question here. Policy concerns asserted by the Employer/Carrier here are more properly directed to the Legislature, to address or not, as it would choose. Cf. Staffmark v. Merrell, 43 So.3d 792, 796 (Fla. 1st DCA 2010) (declining to allow policy considerations to control outcome of case, and stating, “[t]hese policy arguments should be directed to the Legislature, not this court”).
REVERSED and REMANDED for further proceedings in accordance with this opinion.
CLARK, WETHERELL, and MAKAR, JJ., concur.