VAN NORTWICK, J.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying Claimant his choice of doctor to serve as the “one-time change” of physician to which he is entitled under section 440.13(2)(f), Florida Statutes (2012). Claimant argues the JCC erred in inter *940 preting that statute to permit the Employer/Carrier (E/C) to select the replacement physician despite the E/C’s failure to authorize a specific physician within five days of Claimant’s request for authorization of a one-time change. We agree, reverse the order, and remand for entry of an order consistent with this opinion.
The parties agree to the following facts. On October 22, 2012, Claimant requested a one-time change of physician pursuant to section 440.13, Florida Statutes (2012). On October 29, 2012, the E/C attempted to make arrangements with Dr. Berkowitz, but his office declined; Claimant was not notified of this effort. On November 12, 2012, the E/C informed Claimant that an appointment with Dr. Sheikh had been scheduled for November 20, 2012. Later on the morning of November 12, Claimant “notified Defense Counsel (via staff members) that the Claimant would not be attending the appointment with Dr. Sheikh on 11/20/12 due to untimely notice.”[1] On the afternoon of November 12, Claimant faxed to the E/C a petition for benefits (PFB) seeking to select her own one-time change doctor. She specifically named Dr. Ellowitz as her selection. Meanwhile, the E/C rescheduled the appointment with Dr. Sheikh to December 4, 2012, and notified Claimant of this new appointment on the morning of November 14, 2012. On the afternoon of November 14, 2012, Claimant filed her November 12 PFB with the Office of the Judges of Compensation Claims.
Section 440.1S(2)(f), Florida Statutes (2012), provides as follows:
Upon the written request of the employee, the carrier shall give the employee the opportunity for one change of physician during the course of treatment for any one accident. Upon the granting of a change of physician, the originally authorized physician in the same specialty as the changed physician shall become deauthorized upon written notification by the employer or carrier. The carrier shall authorize an alternative physician who shall not be professionally affiliated with the previous physician within 5 days after receipt of the request. If the carrier fails to provide a change of physician as requested by the employee, the employee may select the physician and such physician shall be considered authorized if the treatment being provided is compensable and medically necessary.
The substantive benefit provided in section 440.13(2)(f) is a claimant-initiated, one-time change of physician, without regard to medical necessity. See Sunbelt Health Care v. Galva, 7 So.3d 556, 561 (Fla. 1st DCA 2009). A PFB can constitute the “written request of the employee.” See HMSHOST Corp./Gallagher Bassett Servs. Inc. v. Frederic, 102 So.3d 668 (Fla. 1st DCA 2012). An E/C timely responds by informing the claimant of the new doctor’s name; a timely response does not require the E/C to actually contact or schedule an appointment with the new doctor. See id. The five-day response period in this statute refers to calendar days, not business days. See Hinzman v. Winter Haven Facility Operations LLC, 109 So.3d 256, 257 (Fla. 1st DCA 2013).
The JCC here ruled,
I interpret the statute (‘the employee may select the physician’) and the Pruitt [v. Southeast Personnel Leasing, Inc., 33 So.3d 112 (Fla. 1st DCA 2010),] decision to give the claimant the right to select his or her change of physician immediately upon expiration of the 5 days and claimant maintains that right up until the moment the E/C authorizes an alternative physician at which time that right is lost.
Our review is de novo. See Lombardi v. S. Wine & Spirits, 890 So.2d 1128, 1129 (Fla. *941 1st DCA 2004) (holding statutory interpretation is subject to de novo review).
We hold that the JCC’s interpretation goes beyond the plain language of the statute, which permits a claimant to select a doctor, if the claimant so elects, should the E/C fail to provide a change of physician (of the E/C’s choosing) within five days of receiving the claimant’s request for a one-time change. See Perez v. Rooms To Go, 997 So.2d 511, 512 (Fla. 1st DCA 2008) (holding that, in construing statute, courts must first look to its plain language). As demonstrated in Pruitt (where the claimant never named his selection of doctor, and treated with the employer/carrier’s selection of alternative physician), a claimant can waive the right to select the doctor. This court has also held, however, that a claimant’s naming a doctor forty-one days after requesting a one-time change and twenty-two days after an employer/carrier authorized an alternative physician, where the claimant did not attend an appointment scheduled with the employer/carrier’s choice, does not constitute such a waiver. See Harrell v. Citrus Cnty. Sch. Bd., 25 So.3d 675 (Fla. 1st DCA 2010) (holding “Claimant was entitled to select her own physician” where E/C named onetime change 19 days after claimant’s request, and claimant named her selection of doctor). It follows that Claimant’s naming her selection here twenty-one days after her request and the same day as the E/C authorized an alternative physician, and Claimant’s declining to attend an appointment with the E/C’s choice, does not constitute such a waiver.
REVERSED and REMANDED for entry of an order in accord with this opinion.
PADOVANO and ROWE, JJ., concur.

. The quoted text is a quote from the joint stipulation of facts.