IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RETAILFIRST INSURANCE COMPANY and SERVPRO of S.E. TAMPA,

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

Appellants,

CASE NO. 1D16-2310

v.

BRENTON DAVIS,

Appellee.

_____/

Opinion filed January 23, 2017.

An appeal from an order of the Judge of Compensation Claims.
Ellen H. Lorenzen, Judge.

Date of Accident: June 13, 2014.

Laralee M. Garvin and David K. Beach of Rissman, Barrett, Hurt, Donahue & McLain, P.A., Tampa, for Appellants.

Bill McCabe, Longwood, for Appellee.


MAKAR, J.

Under Florida's workers compensation laws, an employee is entitled to a one-time "change of physician during the course of treatment for any one accident" upon submission of a written request to do so. § 440.13(2)(f), Fla. Stat. (2016). In this case

of first impression, we are called upon to decide an issue upon which the judges of compensation claims are split: whether an employer/carrier's failure to respond timely to such a request entitles the employee to a physician in a different specialty from that of the originally authorized physician. We hold that it does not.

The final order at issue granted the claim of employee Brenton Davis to change his authorized family practice physician to an orthopedist because the employer/carrier (here Retailfirst Insurance Company and Servpro, Inc.) didn't respond timely to his request for a one-time change under subsection 440.13(2)(f), Florida Statutes. The Judge of Compensation Claims (JCC) interpreted the statute to entitle Davis to select any physician of Davis's choice in any specialty, an interpretation we review de novo. Lombardi v. S. Wine & Spirits, 890 So. 2d 1128, 1129 (Fla. 1st DCA 2004). Section 440.13(2)(f) says:

> Upon the written request of the employee, the carrier shall give the employee the opportunity for one change of physician during the course of treatment for any one accident. Upon the granting of a change of physician, the originally authorized physician in the same specialty as the changed physician shall become deauthorized upon written notification by the employer or carrier. The carrier shall authorize an alternative physician who shall not be professionally affiliated with the previous physician within 5 days after receipt of the request. If the carrier fails to provide a change of physician as requested by the employee, the employee may select the physician and such physician shall be considered authorized if the treatment being provided is compensable and medically necessary.

The JCC focused upon only one portion of this paragraph, that being the last sentence, which says that upon a carrier's failure to provide a requested change, the

2

"employee may select the physician and such physician shall be considered authorized if the treatment being provided is compensable and medically necessary." Read in isolation, the sentence could be understood to grant a broad right to select any physician, subject only to the latter qualification that the physician is considered authorized if her treatment is deemed "compensable and medically necessary." Under this reading, Davis is entitled to any physician in any specialty no matter how far afield from the scope of his course of treatment; authorization for treatment provided by the new physician is to be considered at a later time.

This interpretation fails to account for the second sentence of 440.13(2)(f), which specifically provides for the deauthorization of the originally authorized physician in the same specialty: "Upon the granting of a change of physician, the originally authorized physician *in the same specialty* as the changed physician shall become deauthorized upon written notification by the employer or carrier." (Emphasis added). Davis reads this sentence as applying in only one situation: where the employer/carrier affirmatively grants a change of physician (versus accedes to a change after failing to respond). In such a case, the original physician is deauthorized and the new one becomes authorized resulting in only one authorized physician, which makes sense because the statute's apparent purpose is to allow a one-time change of physicians. According to Davis, however, the statute would not apply to the current situation, resulting in the anomaly of him having *two* authorized

3

physicians for the same specialty rather than one. In essence, Davis's reading would allow a claimant to add a new physician, rather than change from the originally authorized one. And it would allow a claimant, at least in theory, to select a specialist who is wholly unsuitable for the "course of treatment" that has been authorized. As such, we read that statute as a whole to reflect a legislative intent of allowing only a one-for-one exchange of physicians within the same specialty under these circumstances. Procedures exist for claimants to seek authorization for physicians beyond the specialties originally established for their workplace accidents. But section 440.13(2)(f) cannot be read to allow that result simply because an employer/carrier has not timely responded to a one-time change of physician.

We therefore REVERSE and REMAND for further consideration of Davis's request for a one-time change of physician in accordance with our interpretation of 440.13(2)(f), Florida Statutes.

WOLF and RAY, JJ., CONCUR.