IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MILOVAN ZEKANOVIC

      Appellant,

v.

AMERICAN II, CORP., and
GALLAGHER BASSETT
SERVICES, INC.,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3669

Opinion filed February 7, 2017.

An appeal from an order of Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accident: February 7, 2014.

Bill McCabe, Longwood, and Joey D. Oquist, St. Petersburg, for Appellant.

Thomas P. Vecchio of Vecchio, Carrier, Feldman & Johannessen, P.A., Lakeland,
for Appellees.

PER CURIAM.

      In this workers' compensation appeal, Claimant argues that the Judge of

Compensation Claims (JCC) erred in finding that the Employer/Carrier (E/C)

retained the right to select his one-time change of physician, even though the E/C

agreed they failed to respond to his request within five days of its receipt, as required by paragraph 440.13(2)(f), Florida Statutes (2013). For the following reasons, we agree.

The parties are in agreement on the relevant underlying facts. On December 23, 2015, Claimant faxed a formal grievance to the E/C and to their attorney requesting a one-time change in physician from Dr. Pagano, his authorized treating orthopedic surgeon. The E/C did not respond to the request until January 5, 2016. On January 13, 2016, Claimant filed a petition for benefits requesting authorization of Dr. Hassan, a pain management physician, as his one-time change. The E/C declined to authorize Dr. Hassan; rather, Dr. Pagano remained authorized. As of the date of the hearing, Claimant had not sought treatment with Dr. Hassan or any other a physician of his choice.

In the appealed order, the JCC found that Claimant was entitled to his one-time change of physician because the E/C failed to timely respond to his request. Nevertheless, because Claimant had not actually obtained treatment with a physician of his choice prior to the entry of the appealed order, the JCC found that the E/C retained the right to choose Claimant's one-time change "without regard to that physician's specialty in medicine."

Because resolution of this issue requires statutory interpretation, our review is de novo. See Lombardi v. S. Wine & Spirits, 890 So. 2d 1128, 1129 (Fla. 1st

2

DCA 2004). Under paragraph 440.13(2)(f), a claimant who sustains a compensable injury is entitled to a one-time change in treating physician as an absolute right if a written request is made during the course of treatment. See Providence Prop. & Cas. v. Wilson, 990 So. 2d 1224, 1225 (Fla. 1st DCA 2008). If the E/C fails to respond to that request within five calendar days, the claimant may select the physician and that physician shall be considered authorized if the treatment provided is compensable and medically necessary. See Hinzman v. Winter Haven Facility Operations LLC, 109 So. 3d 256, 257 (Fla. 1st DCA 2013).

The JCC's reasoning here, which is that Claimant's failure to timely exercise his right to select his physician returned that right to the E/C, runs afoul of this court's case law. Most recently, in Gadol v. Masoret Yehudit, Inc., 132 So. 3d 939, 940 (Fla. 1st DCA 2014), the JCC interpreted the statute "to give the claimant the right to select his or her change of physician immediately upon expiration of the 5 days and claimant maintains that right up until the moment the E/C authorizes an alternative physician at which time that right is lost." The Gadol court reversed, holding that the JCC's interpretation went beyond the plain language of the statute. Noting that a claimant may waive his or her right to select the physician if he or she subsequently accedes to the E/C's choice, the Gadol court explained the E/C's selection of a physician before or at the same time as the claimant makes his or her selection does not constitute a waiver by the claimant, so long as the claimant has

3

not attended any appointment scheduled by the E/C.  Id. at 941.  See also Harrell v. Citrus Cty. Sch. Bd., 25 So. 3d 675, 677 (Fla. 1st DCA 2010) (holding that where response to request was untimely, claimant remained entitled to select her own physician even though the E/C advised claimant of specific authorization nineteen days after request).

Further, the JCC's pronouncement that the E/C was entitled to select the one-time change "without regard to that physician's specialty in medicine" is not in accord with the plain language of the statute.  See Perez v. Rooms To Go, 997 So. 2d 511, 512 (Fla. 1st DCA 2008) (holding that, when construing statute, courts must first look to its plain language).  This court, in RetailFirst Insurance Co. v. Davis, No. 1D16-2310 (Fla. 1st DCA Jan. 23, 2017), recently addressed this question and concluded that, when dealing with a one-time change, the change must be within the same specialty regardless of who makes the selection.

Finally, we note that Claimant submitted his request on December 23, just prior to the holidays, giving the E/C a little more than one business day to respond. There is no question that the request was clear, not obscured, but it nevertheless smacks of gamesmanship.  This illustrates the concerns noted by this court in Hinzman, 109 So. 3d at 257, when contrasting "calendar" days with "business" days.  As we explained in Hinzman, however, this is a policy consideration that should be directed to the Legislature, not this court.  Id.

4

Accordingly, the order is REVERSED and REMANDED for proceedings consistent with this opinion.

WOLF, LEWIS, and WETHERELL, JJ., CONCUR.