NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MICHAEL CLARE, M.D., and                 )
FLORIDA ORTHOPAEDIC INSTITUTE,           )
                                         )
            Petitioners,                 )
                                         )
v.                                       )        Case No. 2D16-4052
                                         )
MARIA JOHNSON LYNCH,                     )
                                         )
            Respondent.                  )
                                         )

Opinion filed June 21, 2017.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Claudia
Rickert Isom, Judge.

Nancy S. Paikoff of Macfarlane Ferguson
and McMullen, Clearwater; and Stephen H.
Sears of Macfarlane, Ferguson & McMullen,
Tampa (withdrew after briefing); Mark E.
McLaughlin of Beytin, McLaughlin,
McLaughlin, O'Hara, Bocchino & Bolin,
Tampa (substituted as counsel of record),
for Petitioners.

Maria Johnson Lynch, pro se.


VILLANTI, Chief Judge.

        Petitioners Michael Clare, M.D., and Florida Orthopaedic Institute

(collectively "FOI") seek a writ of certiorari directed to the trial court's order that granted

a motion for rehearing filed by respondent Maria Johnson Lynch and reinstated her medical malpractice complaint against FOI. Because the expert affidavit submitted by Lynch did not satisfy the requirements of section 766.102(5)(a), Florida Statutes (2015), we must grant the petition and quash the trial court's order reinstating the complaint.

Lynch became a patient of FOI after she broke her toe. She underwent a variety of treatments, including surgery, which failed to fully resolve the problems. Lynch subsequently obtained a second opinion, during which she was told that the surgery performed by Dr. Clare was unnecessary and not indicated for injuries such as hers. She then initiated presuit proceedings with FOI. In support of her claim, Lynch submitted, as the requisite "[c]orroboration of reasonable grounds to initiate medical negligence litigation" under section 766.203(2), the written affidavit of Dr. Benjamin Overley, D.P.M., who is a board-certified podiatrist. FOI challenged this affidavit, asserting that it did not qualify as a proper corroborating affidavit because Dr. Clare is a board-certified orthopedic surgeon—not a podiatrist. Lynch did not respond to this objection during the presuit period.

At the end of the presuit period, FOI denied liability, and Lynch filed suit. FOI then moved to dismiss, arguing that Lynch did not properly comply with the presuit investigation requirements because she did not submit an expert affidavit that complied with the statutory presuit requirements. The trial court initially agreed and dismissed the complaint; however, on rehearing, the trial court essentially changed its mind, granted rehearing, and reinstated the complaint. FOI then filed this petition for writ of certiorari.

As an initial matter, we have certiorari jurisdiction to review this type of order. As the First District has explained:

Certiorari review of the denial of a motion to dismiss is ordinarily unavailable. Baptist Med. Ctr. of Beaches, Inc. v. Rhodin, 40 So. 3d 112, 114-15 (Fla. 1st DCA 2010) (citing Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1099 (Fla. 1987)). But an exception applies to cases, like this one, where a defendant asserts that an order erroneously excuses a plaintiff from complying with chapter 766's presuit requirements. Id. Chapter 766 requires potential plaintiffs to investigate the merits of a claim and provide notice of intent to litigate before filing suit. Id. at 115. Where disputes arise regarding compliance with chapter 766's requirements, "[c]ertiorari review is proper to review the denial of a motion to dismiss." Goldfarb v. Urciuoli, 858 So. 2d 397, 398 (Fla. 1st DCA 2003); see also Rhodin, 40 So. 3d at 115; S. Baptist Hosp. of Fla., Inc. v. Ashe, 948 So. 2d 889, 890 (Fla. 1st DCA 2007).

Shands Teaching Hosp. & Clinics, Inc. v. Estate of Lawson ex rel. Lawson, 175 So. 3d 327, 329 (Fla. 1st DCA 2015) (en banc); see also Rell v. McCulla, 101 So. 3d 878, 880-81 (Fla. 2d DCA 2012). Here, FOI asserts that the trial court's ruling departs from the essential requirements of the law because it operates to effectively excuse Lynch from the presuit requirements of chapter 766. Therefore, we may properly review the trial court's ruling by certiorari.

Turning to the merits, we note that chapter 766 outlines an extensive presuit procedure applicable to all actions for medical malpractice. Section 766.203 requires the claimant to conduct a presuit investigation to determine whether there are reasonable grounds to initiate a medical negligence action. As part of that presuit investigation, section 766.203(2) requires that the claimant provide "[c]orroboration of reasonable grounds to initiate medical negligence litigation," including "submission of a verified written medical expert opinion from a medical expert as defined in s. 766.202(6)." Section 766.202(6) defines a "medical expert" as

- 3 -

a person duly and regularly engaged in the practice of his or her profession who holds a health care professional degree from a university or college and <u>who meets the requirements of an expert witness as set forth in s. 766.102</u>.

(Emphasis added.) In turn, section 766.102 sets forth the requirements for an expert witness as follows:

(5) A person may not give expert testimony concerning the prevailing professional standard of care unless the person is a health care provider who holds an active and valid license and conducts a complete review of the pertinent medical records and meets the following criteria:

(a) <u>If the health care provider against whom or on whose behalf the testimony is offered is a specialist, the expert witness must</u>:

1. <u>Specialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered</u>; and

2. Have devoted professional time during the 3 years immediately preceding the date of the occurrence that is the basis for the action to:

a. The active clinical practice of, or consulting with respect to, the same specialty;

b. Instruction of students in an accredited health professional school or accredited residency or clinical research program in the same specialty; or

c. A clinical research program that is affiliated with an accredited health professional school or accredited residency or clinical research program in the same specialty.

(Emphasis added.) Hence, under the plain language of the applicable statutes, if the intended medical defendant is a specialist, the corroborating affidavit must come from a provider who specializes in the same specialty.

In this case, it is undisputed that Dr. Clare is a board-certified orthopedic surgeon. It is also undisputed that Dr. Overley is a board-certified podiatrist. While both doctors' practices focus primarily on foot and ankle surgery, these two doctors have different training and practice in different specialties. Therefore, the affidavit from Dr. Overley could not meet the requirements of the plain language of section 766.102(5), and the noncomplying affidavit was insufficient on its face to constitute the required corroboration of reasonable grounds to initiate medical negligence litigation. Without such corroboration, Lynch's medical malpractice action should have been dismissed. See Rell, 101 So. 3d at 880-81; Shands Teaching Hosp. & Clinics, Inc., 175 So. 3d at 329. By granting rehearing and reinstating Lynch's action, the trial court departed from the essential requirements of the law.

In her petition, as she did in the trial court, Lynch argues that Dr. Clare and Dr. Overley do, in fact, practice in the same specialty because they both perform surgery on feet and ankles. She argues that their different training and different titles should not matter. However, this argument is based on nothing more than Lynch's opinion, which cannot supplant the legislative intent evidenced by the amendments made by the legislature to section 766.102 in 2013.

Prior to 2013, section 766.102(5) provided that if the intended defendant was a specialist, the corroborating medical expert opinion had to come from a health care provider who specialized in either the same specialty or "in a similar specialty that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim." § 766.102(5)(a)(1), Fla. Stat. (2012). In addition, the statute provided that it did "not limit the power of the trial court to disqualify or qualify an expert

witness on grounds other than the qualifications in this section." § 766.102(14), Fla. Stat. (2012). Thus, under this version of the statute, the trial court had broad discretion to consider evidence concerning the proposed expert's qualifications and either accept or reject that expert's opinions based on that evidence.

But in chapter 2013-108, Laws of Florida, the legislature deleted the language permitting an expert from a "similar specialty" to qualify as an expert witness in a medical malpractice case. See ch. 2013-108, § 2, at 1466, Laws of Fla. The legislature also deleted the provision giving trial courts the authority to qualify an expert on grounds other than those listed in section 766.102. Id. By making these amendments, the legislature expressed its indisputable intent to preclude experts from "similar" specialties from qualifying as experts against an intended defendant practicing in a different specialty. Furthermore, the legislature also eliminated any discretion on the matter that the trial court may previously have had.

In light of these specific amendments, it is clear that the legislature intended that specialists from the "same specialty" be required as corroborating experts in medical malpractice litigation. While providers from "similar" specialties may have been previously permitted, they are not permitted any longer. And while Lynch is correct that the presuit requirements are to be interpreted liberally to provide access to the courts, see Kukral v. Mekras, 679 So. 2d 278, 284 (Fla. 1996), courts are not at liberty to ignore the plain language of the statute or to add back language that was specifically deleted by the legislature. The trial court's ruling in this case, which effectively resurrects the prior statutory language by crediting an affidavit from a

provider in a "similar" specialty, constitutes a clear departure from the essential requirements of the law that cannot be countenanced.

Finally, we note that while this case was pending, the Florida Supreme Court issued its decision in In re Amendments to the Florida Evidence Code, 210 So. 3d 1231, 1239 (Fla. 2017), in which it specifically declined to adopt the "same specialty" amendment to section 766.102(5)(a) "to the extent it is procedural." However, that decision did not address the constitutionality of the statute, see id. at 1241, and a determination of its constitutionality must wait until the issue is properly raised and argued by the parties, see In re Amendments to the Fla. Evidence Code, 144 So. 3d 536, 538 (Fla. 2014) (Pariente, J., concurring in part and dissenting in part). See also Bivins v. Rogers, 207 F. Supp. 3d 1321, 1326 (S.D. Fla. 2016) (noting that a Florida Supreme Court rules decision declining to adopt a statutory amendment to the extent it is procedural does "not vitiate or overturn the statute" and "the statute remains the law in Florida"). Here, Lynch did not raise the constitutionality of section 766.102(5)(a)(1) in either the trial court or in her response to FOI's petition.[1] Therefore, resolution of that issue must wait for a case in which the issue is properly raised and argued.

For all of these reasons, we grant FOI's petition for writ of certiorari and issue the writ, quashing the trial court's order that reinstated Lynch's medical malpractice complaint.

Petition granted.

CASANUEVA and KELLY, JJ., Concur.

---

[1]Upon the release of In re Amendments, we ordered the parties to file a supplemental petition and a supplemental response addressing the impact of that case on this proceeding. FOI filed a supplemental petition. Lynch did not file a supplemental response.