FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-5457
_____

LAURA MYERS,

Appellant,

v.

PASCO COUNTY SCHOOL BOARD
and JOHNS EASTERN COMPANY,
INC.,

Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accident: August 26, 2016.

June 4, 2018

JAY, J.,

In this workers' compensation case, the Claimant seeks relief from a summary final order of the Judge of Compensation Claims (JCC) denying her request for a "one-time change" of physician as permitted by section 440.13(2)(f), Florida Statutes (2016). For the reasons set forth below, we reverse.

"[A] claimant who sustains a compensable injury is entitled to a one-time change in treating physician as an absolute right if a written request is made during the course of treatment." *Zekanovic*

*v. Am. II, Corp.*, 208 So. 3d 851, 852 (Fla. 1st DCA 2017). This one-time change must be made with a doctor who practices in the same specialty as the originally authorized physician. *Id*. (*citing Retailfirst Ins. Co. v. Davis*, 207 So. 3d 1035, 1037 (Fla. 1st DCA 2017)). The doctor's specialty is determinative, "regardless of who makes the selection." *Zekanovic*, 208 So. 3d at 852.

Here, when the Claimant requested a one-time change from her orthopedic surgeon, the Employer/Carrier (E/C) authorized a neurosurgeon. When the Claimant filed a petition alleging that the authorization failed to meet the statutory requirements, the JCC denied the petition reasoning that the term "specialty" is broader than the "specialty of [the] physician" and "should be extended to" the types of conditions the doctor treats. Because orthopedic surgeons and neurosurgeons both treat back injuries, and because the Claimant has a compensable back problem, the JCC concluded that the E/C's authorization was in compliance with the statute.

However, the JCC's analysis is not grounded in the language of the statute. Section 440.13(2)(f) requires that the one-time change be made with a physician who practices in the "*same specialty*" as the originally authorized doctor. *Zekanovic*, 208 So. 3d at 852 (emphasis added). A physician who provides similar services in a *different* specialty does not qualify as a doctor in the "same specialty" because—quite simply—"same" is different than "similar." *See, e.g.*, *Clare v. Lynch*, 220 So. 3d 1258, 1261 (Fla. 2d DCA 2017) ("[I]t is clear that the legislature intended that specialists from the 'same specialty' be required as corroborating experts in medical malpractice litigation. While providers from 'similar' specialties may have been previously permitted, they are not permitted any longer. . . . The trial court's ruling in this case, which effectively resurrects the prior statutory language by crediting an affidavit from a provider in a 'similar' specialty, constitutes a clear departure from the essential requirements of the law that cannot be countenanced.").

Thus, the neurosurgeon authorized by the E/C did not practice in the "same specialty" as the originally authorized orthopedic surgeon. *Id*. Consequently, we reverse the order denying the Claimant's claim for a one-time change—and the associated denial of the claim for attorney's fees and costs—and remand for further

2

proceedings in accordance with this opinion.

REVERSED and REMANDED.

WOLF and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

Stephen M. Barbas and Kristen H. Emerson of Barbas, Nunez, Sanders, Butler & Hovsepian, Tampa, for Appellees.