EDWARDS, J.
We grant Respondent's motion for rehearing only to the extent that it correctly points out that Respondent challenged the constitutionality of the controlling 2013 amendments to Chapter 766 in his opposition to Petitioners' motion to dismiss and challenged it again in his motion for reconsideration. However, each time the trial court ruled on Petitioners' motion to dismiss, it declined to rule on the constitutional issues that Respondent had raised and argued below. In all other respects, Respondent's motion for rehearing is denied. Accordingly, we withdraw our previous opinion and substitute the corrected opinion in its place.
Petitioners, Dr. Michael Riggenbach and Orlando Orthopaedic Center, have sought certiorari review of an order denying their motion to dismiss Respondent Chad Rhodes' medical malpractice lawsuit. Petitioners moved to dismiss because Rhodes' presuit written expert report, from a physician who specializes in plastic surgery, offered opinions regarding the medical care provided by Dr. Riggenbach, who specializes in orthopedic surgery. Because Rhodes failed to comply with the requirement of sections 766.203, 776.202(6), and 766.102(5)(a), Florida Statutes (2014), that he provide a written medical expert opinion from a specialist in the same specialty as the defendant health care provider, the complaint should have been dismissed, unless those statutory provisions are found to be unconstitutional for the reasons previously asserted by Respondent.
We grant the petition, quash the trial court's order, and remand with instructions for further proceedings consistent with this opinion. Those further proceedings shall first include a ruling on whether Respondent properly placed the State on notice of his constitutional challenge and, if he did, then a second ruling on whether the "same specialty" requirement is unconstitutional. If the trial court denies Respondent's constitutional challenge on procedural or substantive grounds, it shall dismiss Respondent's complaint with prejudice.
BACKGROUND FACTS
After suffering injuries to his right wrist, Rhodes sought treatment from Dr. Riggenbach, who was employed by Orlando Orthopaedic Center. In March 2014, Dr. Riggenbach performed wrist surgery involving insertion of an anchoring mechanism which allegedly was improperly seated and became lost in Rhodes' wrist. Rhodes' medical malpractice complaint alleged that Dr. Riggenbach was negligent *553 in performing this surgery, which resulted in the need for additional surgery and treatment, and ultimately caused permanent injury to Rhodes' wrist.
Pursuant to section 766.106(4), Rhodes served Petitioners with a presuit notice of intent to initiate litigation for medical negligence. The presuit notice included a verified written medical expert opinion ("expert affidavit")-signed by Drew Kreegel, M.D., a board certified plastic surgeon and otolaryngologist-to corroborate that reasonable grounds existed to initiate the medical malpractice claim.
After objecting during the presuit period, Petitioners moved to dismiss the later-filed medical malpractice complaint because Dr. Kreegel's expert affidavit was not authored by a physician who practiced in the same specialty as Dr. Riggenbach. Petitioners supported their third motion to dismiss the complaint by providing an affidavit of Dr. Riggenbach that stated he was a board certified specialist in orthopedic surgery, and that the procedures he performed on Rhodes were orthopedic and did not include any plastic surgery. Rhodes responded by arguing that Dr. Kreegel's practice and training qualified him to render the opinions set forth in the expert affidavit and supported that argument with another affidavit from Dr. Kreegel describing the types of hand surgery he had performed in the past.
An evidentiary hearing was held during which Dr. Kreegel testified that he had performed the same type of surgery that Rhodes underwent approximately five to eight times during the previous three years. Dr. Kreegel described his practice as including plastic reconstructive and hand surgery. He admitted on cross-examination that he never represented to anyone that he specialized in orthopedic surgery. Petitioners' motion to dismiss was granted. However, on rehearing before a different judge, Rhodes successfully argued that the trial court had the inherent authority to consider whether Dr. Kreegel, by virtue of his experience, could be considered to be engaged in the same specialty as Dr. Riggenbach. The successor judge found that both Dr. Kreegel and Dr. Riggenbach were engaged in the same specialty, and entered an order denying Petitioners' motion to dismiss.
LEGAL ANALYSIS
Availability of Certiorari Review
"Although orders denying motions to dismiss are generally not reviewable by writ of certiorari, Florida courts have created an exception and permit certiorari review when the presuit requirements of the [Florida Medical Malpractice Act] are at issue." Holmes Reg'l Med. Ctr., Inc. v. Dumigan , 151 So.3d 1282, 1284 (Fla. 5th DCA 2014) ; accord Rell v. McCulla , 101 So.3d 878, 879-83 (Fla. 2d DCA 2012) ; Oken v. Williams , 23 So.3d 140, 144 (Fla. 1st DCA 2009) ("[T]he courts of this state have uniformly recognized the availability of certiorari review in cases where the presuit notice requirements of chapter 766 have not been met."), quashed on other grounds by Williams v. Oken , 62 So.3d 1129 (Fla. 2011). A nonfinal order allowing a plaintiff to proceed with litigation when the plaintiff has not complied with the presuit statutes results in material injury to the defendant that cannot be cured on appeal. See Cent. Fla. Reg'l Hosp. v. Hill , 721 So.2d 404, 405 (Fla. 5th DCA 1998). Therefore, the order on rehearing denying Petitioners' motion to dismiss based on non-compliance with presuit requirements is appropriate for certiorari review.
Statutory Evolution of Expert Witness Specialty Requirement
Prior to July 2013, the presuit statute authorized opinion testimony from an expert witness against the defendant doctor *554 who practiced in "the same or similar specialty " as the defendant doctor. § 766.102(5)(a), Fla. Stat. (2012) (emphasis added). The phrase "similar specialty" was defined as a specialty that included the evaluation and treatment of the medical condition that was the subject of the medical negligence claim. Id. The 2012 version of section 766.102 also allowed the trial court to determine whether the expert was qualified on grounds other than those specified in the statute. Id. § 766.102(14).
In Oliveros v. Adventist Health Systems/Sunbelt Inc. , the Second District determined that the trial court could consider the expert's experience as a medical evacuation flight surgeon in order to admit his testimony, although he was testifying against an emergency room physician. 45 So.3d 873, 877 (Fla. 2d DCA 2010). The Second District found that under the then-existing version of section 766.102, the emergency medicine experience of the proposed expert witness was sufficient to admit his testimony, as it fell under the "grounds other than the qualifications in this section" language, which in 2010 was found in section 766.102(12).
In 2013, the legislature amended the statutory definition of "medical expert" to require that only a practicing specialist in the "same specialty" as the defendant health care provider could offer expert opinions on the care provided by the defendant specialist.[1] The version as amended in 2013, including the modification referring to "same specialty" expert witnesses, remains unchanged today, and governs this medical malpractice claim, which arose in 2014. The statute provides in pertinent part:
(5) A person may not give expert testimony concerning the prevailing professional standard of care unless the person is a health care provider who holds an active and valid license and conducts a complete review of the pertinent medical records and meets the following criteria:
(a) If the health care provider against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:
1. Specialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered; and
2. Have devoted professional time during the 3 years immediately preceding the date of the occurrence that is the basis for the action to:
a. The active clinical practice of, or consulting with respect to, the same specialty ;
§ 766.102(5), Fla. Stat. (2014) (emphasis added).
"The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review." Kephart v. Hadi , 932 So.2d 1086, 1089 (Fla. 2006). When construing a statute, we strive to effectuate the Legislature's intent. See, e.g. , Borden v. E.-European Ins. Co. , 921 So.2d 587, 595 (Fla. 2006) ("We endeavor to construe statutes to effectuate *555 the intent of the Legislature."). To determine that intent, we look first to the statute's plain language. Id. at 595. "[W]hen the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." Id. (quoting Daniels v. Fla. Dep't of Health , 898 So.2d 61, 64 (Fla. 2005) ).
Florida courts have previously decided that "same specialty" is to be taken literally and is not synonymous with physicians with different specialties providing similar treatment to the same areas of the body. For example, in Clare v. Lynch , the Second District held that a board certified podiatrist was not statutorily qualified to provide expert opinions, including in a presuit medical malpractice expert affidavit, regarding the care and treatment provided by the defendant board certified orthopedic surgeon who performed surgery on the plaintiff's foot. 220 So.3d 1258, 1261-62 (Fla. 2d DCA 2017). "While both doctors' practices focus primarily on foot and ankle surgery, these two doctors have different training and practice in different specialties." Id. at 1260-61. The Second District noted that the legislative changes, discussed above, made it clear that opinions of providers from "similar" specialties would no longer suffice, and that only opinions offered by specialists from the "same" specialty would be acceptable. Id. at 1261. The Second District concluded that the trial court clearly departed from the essential requirements of the law by reinstating the malpractice suit, as it was supported only by the podiatrist's noncomplying affidavit. Id.
The First District considered what "same specialty" means in the context of workers' compensation statutes. Myers v. Pasco Cty. Sch. Bd. , 246 So.3d 1278 (Fla. 1st DCA 2018). An injured workers' compensation claimant is entitled to a one-time change of "physician who practices in the 'same specialty' as the originally authorized doctor" pursuant to section 440.13(2)(f), Florida Statutes (2016). Id. at 1278-79. In Myers , the Judge of Compensation Claims ("JCC") found that the employer/carrier ("E/C") was justified in authorizing a neurosurgeon in response to the claimant's request for a one-time change to a different orthopedic surgeon. Id. at 1279. The JCC denied the claimant's objection to being provided a physician practicing a different specialty, "reasoning that the term 'specialty' is broader than the 'specialty of [the] physician' and 'should be extended to' the types of conditions the doctor treats." Id. The JCC concluded that, "[b]ecause orthopedic surgeons and neurosurgeons both treat back injuries, and the Claimant [had] a compensable back problem," the E/C's decision to authorize a change from an orthopedic surgeon to a neurosurgeon complied with the statute. Id.
On appeal, the First District stated that "[a] physician who provides similar services in a different specialty does not qualify as a doctor in the 'same specialty' because-quite simply-'same' is different than 'similar.' " Id. (citing Clare , 220 So.3d at 1261 ). Because "the neurosurgeon authorized by the E/C did not practice in the 'same specialty' as the originally authorized orthopedic surgeon," the First District reversed the JCC's order denying the requested one-time change to a different orthopedist. Id.
In a recent opinion from a different panel of our court, we concluded that plaintiff's medical malpractice presuit expert affidavits from an emergency room physician, a radiologist, and a nurse were legally insufficient because they were not provided by experts who practice in the same specialty as the defendant, an orthopedic surgeon.
*556 Davis v. Karr , 264 So.3d 279, 2019 WL 321179 (Fla. 5th DCA Jan. 25, 2019). Our court affirmed the trial court's order and resultant final judgment that dismissed the plaintiff's medical malpractice suit with prejudice. Id.
Because we find the applicable statutory language clear, and Clare , Myers , and Davis well-reasoned, we hold that the trial court erred in finding that a plastic surgeon and an orthopedic surgeon practiced the same specialty. Dr. Kreegel's affidavit was statutorily insufficient; therefore, Rhodes failed to comply with the presuit requirements of filing a medical malpractice complaint against Petitioners pursuant to section 766.203. We hold that the trial court clearly departed from the essential requirements of the law by subjecting Petitioners to material injury that cannot be remedied on appeal.
We grant the petition and quash the trial court's order denying Petitioners' motion to dismiss, as Respondent failed to comply with the requirement of providing a written medical expert opinion from a specialist in the same specialty as the defendant healthcare provider. We remand this matter to the trial court for further proceedings. If the trial court finds that Respondent complied with and continues to comply with the requirements of Florida Rule of Civil Procedure 1.071 and section 86.091, Florida Statutes (2017), it shall consider the constitutional issues that Respondent previously raised. Unless the trial court finds the relevant statutes unconstitutional, it shall enter an order dismissing Respondent's complaint with prejudice.
PETITION GRANTED, ORDER QUASHED, REMANDED WITH INSTRUCTIONS.
ORFINGER and SASSO, JJ., concur.

The Staff Analysis for the Senate Bill that amended section 766.102 in 2013 specifically explained the effect of the amendment:
The bill amends s. 766.102(5), F.S., to limit the class of specialists qualified to offer expert testimony in a medical negligence action against a defendant specialist, to those specialists who practice in the same specialty as the defendant.
The bill repeals s. 766.102(14), F.S. This appears to have the effect of overturning Oliveros v. Adventist Health Systems/Sunbelt, Inc. and reinstating the holding in Barrio v. Wilson . Accordingly, the repeal of the subsection appears to remove the discretion of the court to qualify or disqualify an expert witness on grounds other than the specific qualifications specified in ss. 766.102(5) -(9), F.S.
Prof'l Staff of the Comm. on Judiciary, Fla. S. Bill Analysis & Fiscal Impact Statement, S.B. 1792, 10 (Mar. 29, 2013) (emphasis added).