DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

MARIA MARTINEZ,

Appellant,

v.

DON JOHN PEREZ ORTIZ, M.D. and
PEREZ EYE CENTER, P.L.,

Appellees.

No. 2D21-653

_____

September 23, 2022

Appeal from the Circuit Court for Hillsborough County; Emily A. Peacock, Judge.

Joel R. Epperson of Epperson & Rich, PLLC, Tampa; and Aida M. Rodriguez of Law Office of Aida M. Rodriguez, Tampa, for Appellant.

Gabrielle S. Osborne, Mindy McLaughlin, and Kaitlin V. Rosenthal of Beytin, McLaughlin, McLaughlin, O'Hara & Bocchino, Tampa, for Appellees Don John Perez Ortiz, M.D., and Perez Eye Center, P.L.

SMITH, Judge.

Maria Martinez appeals from an order dismissing with

prejudice her medical malpractice complaint against Don John

Perez Ortiz, M.D., and Perez Eye Center, P.L., for failing to comply with the presuit requirements of sections 766.102(5), .106, .202(6), and .203(2), Florida Statutes (2015). Because Ms. Martinez's expert affidavit satisfies the "same specialty" requirement and because she provided the expert affidavit prior to the expiration of the statute of limitations period, the trial court erred in dismissing her complaint with prejudice. Accordingly, we reverse the order of dismissal.[1]

After undergoing nasal surgery to remove nasal polyps, Ms. Martinez presented to her doctor with swelling and pressure behind and around her left eye. Her doctor referred her to Dr. Perez Ortiz, a board certified ophthalmologist working at Perez Eye Center. Ms. Martinez alleges that Dr. Perez Ortiz negligently misdiagnosed the condition affecting her left eye and that the treatment he provided was inadequate for her condition. She further alleges that as a result of Dr. Perez Ortiz's failure to properly diagnose and treat her

---

[1] Because we hold that Ms. Martinez properly delivered the affidavit before the statute of limitations period ran, thereby curing any deficiency, we need not reach the issue of whether Ms. Martinez was excused from providing a written corroborating expert affidavit because Dr. Perez Ortiz and Perez Eye Center allegedly failed to provide her medical records within ten days of her request, as required by section 766.204(2).

condition, she suffered permanent damage to her eye. In her complaint, she also seeks to hold Dr. Perez Ortiz's medical practice, Perez Eye Center, vicariously liable for the alleged negligence of Dr. Perez Ortiz, as well as for the negligent hiring, training, and retention of Dr. Perez Ortiz.

Prior to the filing of the complaint, Ms. Martinez served her notices of intent to initiate litigation for medical malpractice on Dr. Perez Ortiz and Perez Eye Center on July 27, 2017. *See* § 766.106(2)(a). Neither of the notices of intent were served with the required sworn written medical corroboration. *See* § 766.203(2). However, during the extended presuit investigation period, Ms. Martinez did provide Dr. Perez Ortiz and Perez Eye Center with an affidavit from expert Dr. Harry Hamburger, M.D. prior to the expiration of the statute of limitations.[2] *See*

---

[2] Dr. Perez Ortiz and Perez Eye Center allege that the trigger date for the statute of limitations is May 11, 2015, the day Ms. Martinez was discharged from the hospital. Assuming, arguendo, that this was the triggering date for statute of limitations purposes, Ms. Martinez had two years from that date, or until May 11, 2017, to serve her notices of intent to initiate litigation on Dr. Perez Ortiz and Perez Eye Center. *See* § 95.11(4)(b), Fla. Stat. (2015); *see also* § 766.106(4). Prior to that time, Ms. Martinez obtained an automatic ninety-day extension of the statute of limitations pursuant to section 766.104(2), giving Ms. Martinez until August 8,

3

§§ 95.11(4)(b), 766.106(4), Fla. Stat. (2015). Dr. Perez Ortiz and Perez Eye Center ultimately denied Ms. Martinez's medical malpractice claim during the investigatory period, and Ms. Martinez filed her complaint against Dr. Perez Ortiz, Perez Eye Center, and others not subject to this appeal.

Dr. Perez Ortiz and Perez Eye Center responded to the complaint by filing a "Motion to Dismiss for Failure to Comply with the Presuit Expert Requirement by Failing to Consult an Expert in the Same Specialty or, in the Alternative, Motion to Determine Whether [Ms. Martinez's] PreSuit Investigation Rests Upon a Reasonable Basis." Dr. Perez Ortiz and Perez Eye Center argued

---

2017, to serve her notice of intent on Dr. Perez Ortiz and Perez Eye Center. Ms. Martinez served her notices of intent on Dr. Perez Ortiz and Perez Eye Center on July 27, 2017, triggering the ninety-day tolling of the statute of limitations under section 766.106(4). The parties agreed to further extend the presuit investigation period on three separate occasions. Dr. Perez Ortiz and Perez Eye Center ultimately denied Ms. Martinez's claims on November 22, 2017. Accordingly, the statute of limitations was set to expire on January 22, 2018. *See* § 766.106(4) ("Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit."). Ms. Martinez provided Dr. Perez Ortiz and Perez Eye Center with the affidavit of Dr. Hamburger on October 10, 2017—well before the expiration of the statute of limitations.

4

that Ms. Martinez failed to comply with the statutory presuit requirements in three ways: (1) the notices of intent, dated July 27, 2017, were not accompanied by an affidavit from a medical expert; (2) the expert affidavit of Dr. Hamburger does not satisfy the presuit requirements because Dr. Hamburger does not practice in the "same specialty" as Dr. Perez Ortiz, pursuant to section 766.102(5)(a)1; and (3) because Dr. Hamburger's affidavit cannot satisfy the requirements of sections 766.102(5)(a)1, .202(6), and .203(2), Ms. Martinez failed to cure the presuit deficiency within the statute of limitations, which thus required the complaint to be dismissed with prejudice.

After a hearing on the motion to dismiss, the trial court found that the notices of intent were not accompanied by the required written corroborating medical expert opinion. *See* § 766.203(2). The trial court determined that while Ms. Martinez provided Dr. Perez Ortiz and Perez Eye Center with an affidavit from Dr. Hamburger, Dr. Hamburger does not practice in the "same specialty" as Dr. Perez Ortiz, as required by section 766.102(5)(a)1. Specifically, the trial court found

5

> Dr. Perez-Ortiz is a General Ophthalmologist; Dr. Hamburger is board[-]certified in ophthalmology, but is also a Neuro-Ophthalmologist, as established by the Court's review of several instances of Dr. Hamburger's testimony which demonstrated to the Court that Dr. Hamburger has additional neurologic training, practices in the field of neuro-ophthalmology, and therefore has additional training, practice experience and expertise than Dr. Perez-Ortiz as Neuro-Ophthalmology is a different specialty than Ophthalmology.

Based upon this reasoning, the trial court granted the motion to dismiss, dismissing the complaint with prejudice.

We review the trial court's dismissal of Ms. Martinez's medical malpractice suit de novo. *Morris v. Muniz*, 252 So. 3d 1143, 1155 (Fla. 2018) ("[W]here the facts regarding a presuit expert's qualifications are unrefuted, the proper standard of appellate review of a trial court's dismissal of a medical malpractice action based on its conclusion that the plaintiff's presuit medical expert is not qualified is de novo.").

Chapter 766 requires that certain actions must be taken before a plaintiff can file a medical malpractice suit. *See Williams v. Oken*, 62 So. 3d 1129, 1131 n.1 (Fla. 2011). "While these presuit requirements are conditions precedent to a malpractice suit, the provisions of the statute were not intended to deny access to the

6

courts on the basis of technicalities." *Rodriguez v. Nicolitz*, 246 So. 3d 550, 553 (Fla. 1st DCA 2018) (citing *Fort Walton Beach Med. Ctr., Inc. v. Dingler*, 697 So. 2d 575, 579 (Fla. 1st DCA 1997)).

Pursuant to section 766.106(2)(a) a potential plaintiff must serve on any potential defendant a presuit notice of intent to initiate litigation for medical negligence (notice of intent) after the potential plaintiff completes a presuit investigation pursuant to section 766.203(2). The potential plaintiff must also provide any potential defendant with a "verified written medical expert opinion from a medical expert as defined in s. 766.202(6)," which serves as corroboration of "reasonable grounds to support the claim" for medical negligence litigation. § 766.203(2).

Before we consider the statutory "same specialty" requirements and the trial court's related findings, we must first address the technical challenge raised by Dr. Perez Ortiz and Perez Eye Center as to the timeliness of Dr. Hamburger's affidavit when Ms. Martinez did not provide the required sworn, written medical expert opinion contemporaneously with her notice of intent to initiate litigation.

7

Section 766.203(2) states that the verified written medical expert opinion "shall be provided . . . at the time the notice of intent to initial litigation is mailed." However, if the corroborating affidavit is not provided contemporaneously with the notice of intent to initiate litigation, the plaintiff can cure this deficiency by providing the affidavit before the expiration of the statute of limitations. *See Dial 4 Care, Inc. v. Brinson*, 319 So. 3d 111, 114 (Fla. 3d DCA 2021) ("Plaintiff provided a written corroborating medical expert opinion within the period of the statute of limitations, and then verified that opinion within the limitations period; he complied with the presuit notice requirements and should not be subject to the ultimate sanction—dismissal of his claim." (quoting *Kukral v. Mekras*, 679 So. 2d 278, 280 (Fla. 1996))).

In the instant case, while Dr. Hamburger's affidavit was not served upon Dr. Perez Ortiz and Perez Eye Center contemporaneously with the notice of intent, it is undisputed that it was provided to them prior to the expiration of the statute of limitations, and thus, any deficiency was cured.

We next consider the more substantive argument—whether Dr. Hamburger satisfies the "medical expert" presuit requirement.

8

We look first to the plain language of the statute. *Borden v. E.-Eur. Ins. Co.*, 921 So. 2d 587, 595 (Fla. 2006). Under the clear language of section 766.202(6), "medical expert" is defined as "a person duly and regularly engaged in the practice of his or her profession who holds a health care professional degree from a university or college and who meets the requirements of an expert witness as set forth in s. 766.102."

Section 766.102(5), in turn, provides in relevant part:

> (5) A person may not give expert testimony concerning the prevailing professional standard of care unless the person is a health care provider who holds an active and valid license and conducts a complete review of the pertinent medical records and meets the following criteria:
>
> (a) If the health care provider against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:
>
> 1. Specialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered . . . .[3]

---

[3] The previous version of section 766.102(5)(a)1 provided that to offer testimony against a specialist, the expert witness must "[s]pecialize in the same specialty as the health care provider against whom . . . the testimony is offered; <u>or specialize in a similar specialty</u> that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim and have prior experience treating similar patients." § 766.102(5)(a)1, Fla. Stat. (2011) (emphasis added). However, in 2013, the legislature

In this case, the trial court found that Ms. Martinez failed to comply with the presuit requirements because Dr. Hamburger is not engaged in the "same specialty" as Dr. Perez Ortiz.

The term "same specialty" is not defined in the statute, but the language of the statute is clear and requires the patient to provide a presuit affidavit from a specialist in the same field as the prospective healthcare defendant. *Riggenbach v. Rhodes*, 267 So. 3d 551, 555–56 (Fla. 5th DCA 2019) ("Florida courts have previously decided that 'same specialty' is to be taken literally and is not synonymous with physicians with different specialties providing similar treatment to the same areas of the body."). *But see Kukral*, 679 So. 2d at 284 ("[T]he medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen's constitutionally guaranteed access to the courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits and defenses."); *Patry v. Capps*, 633

amended section 766.102(5)(a)1 to remove the "similar specialty" language. Ch. 2013-108, § 2, Laws of Fla. Accordingly, the statute now requires that the expert must "[s]pecialize in the same specialty as the health care provider against whom . . . the testimony is offered." § 766.102(5)(a)1, Fla. Stat. (2013) (emphasis added).

10

So. 2d 9, 13 (Fla. 1994) ("[W]hen possible the presuit notice and screening statute should be construed in a manner that favors access to courts.").

In *Riggenbach*, Dr. Riggenbach, board-certified in orthopedic surgery, filed a motion to dismiss, objecting to the affidavit of the plaintiff's expert who was a board-certified plastic surgeon and otolaryngologist—practicing in plastic reconstructive and hand surgery. 267 So. 3d at 553. The plaintiff suffered permanent damage to his wrist and required additional surgeries when the anchoring mechanism that Dr. Riggenbach placed became lost in his wrist. *Id.* The trial court ultimately denied the motion to dismiss finding that both doctors were engaged in the same specialty. *Id.* On petition for certiorari, the appellate court granted the petition and quashed the order denying dismissal holding that the plaintiff "failed to comply with the requirement of providing a written medical expert opinion from a specialist in the same specialty as [Dr. Riggenbach]." *Id.* at 556; *see also Davis v. Karr*, 264 So. 3d 279 (Fla. 5th DCA 2019) (holding affidavits from an emergency room physician, radiologist, and nurse did not satisfy the "same specialty" requirement where prospective defendant was

11

an orthopedic surgeon); *Edwards v. Sunrise Ophthalmology Asc,*
*LLC,* 134 So. 3d 1056, 1059 (Fla. 4th DCA 2013) (holding infectious
disease doctor was not "similar specialty" to ophthalmologist where
infectious disease doctor was not an eye surgeon and
ophthalmologist was not an infectious disease doctor).

We similarly addressed the "same specialty" requirement in
*Clare v. Lynch,* 220 So. 3d 1258, 1261-62 (Fla. 2d DCA 2017).
There, the plaintiff submitted the expert affidavit of a board-certified
podiatrist with her notice of intent to litigate, alleging that Dr. Clare
negligently performed surgery on her foot after she broke her toe.
*Id.* at 1259. Dr. Clare filed a petition for writ of certiorari
challenging the trial court's reinstatement of the plaintiff's
complaint arguing that a board-certified podiatrist is not in the
same specialty as a board-certified orthopedic surgeon. *Id.* And we
agreed. We held that the plaintiff's expert affidavit failed to "meet
the requirements of the plain language of section 766.102(5),"
where it was undisputed that Dr. Clare was a board-certified
orthopedic surgeon, and the other expert was not. *Id.* at 1260-61.

Here, it is undisputed that Dr. Perez Ortiz is a board-certified
ophthalmologist. It is also undisputed that Dr. Hamburger is a

12

board-certified ophthalmologist. Dr. Perez Ortiz and Perez Eye Center split hairs by arguing that Dr. Hamburger does not practice in the same specialty where, after he finished his ophthalmology residency, he completed a one-year fellowship in neuro-ophthalmology. According to Dr. Hamburger's curriculum vitae, he is currently the director of the Kendall Eye Institute and serves as an ophthalmology consultant to the United States Coast Guard in Miami Beach. He has held a number of teaching positions and is presently a clinical instructor at the Miami Dade Optician School. In addition, Dr. Hamburger has done extensive research and published more than twenty articles related to the field of ophthalmology.

As a board-certified ophthalmologist, Dr. Hamburger is clearly qualified to testify as an expert in ophthalmology. The fact that he completed an additional fellowship in neuro-ophthalmology does not undermine the fact that he remains a board-certified ophthalmologist—just like Dr. Perez Ortiz. Therefore, both Dr. Perez Ortiz and Dr. Hamburger specialize in the "same specialty" as required by the statute. Accordingly, Dr. Hamburger's affidavit fulfilled the presuit requirement of providing a written medical

13

expert opinion from a specialist in the "same specialty" as the defendant healthcare provider.

Because Dr. Hamburger practices in the "same specialty" as Dr. Perez Ortiz, his affidavit met the statutory requirement for medical experts under section 766.202(6). Further, because this affidavit was provided to Dr. Perez Ortiz and Perez Eye Center prior to the expiration of the statute of limitations, Ms. Martinez complied with the statutory presuit requirements, and it follows that the trial court erred in dismissing Ms. Martinez's action with prejudice. Accordingly, we reverse the trial court's order of dismissal and remand with directions that the trial court reinstate Ms. Martinez's medical malpractice action.

Reversed and remanded with instructions.

CASANUEVA and SILBERMAN, JJ., Concur.

_____

Opinion subject to revision prior to official publication.